STOEL RIVES LLP
  Elijah M. Watkins (ISB No. 8897)
  *elijah.watkins@stoel.com*
  101 South Capitol Boulevard, Suite 1900
  Boise, Idaho 83702
  Tel.: + 1.208.387.4275

LATHAM & WATKINS LLP
  Michele D. Johnson (*Pro Hac Vice*)
  *michele.johnson@lw.com*
  650 Town Center Drive, 20th Floor
  Costa Mesa, California 92626
  Tel.: +1.714.540.1235

  Colleen C. Smith (*Pro Hac Vice*)
  *colleen.smith@lw.com*
  12670 High Bluff Drive
  San Diego, California 92130
  Tel.: +1.858.523.5400

  Christopher Turner (*Pro Hac Vice*)
  *christopher.turner@lw.com*
  555 Eleventh Street, NW #1000
  Washington, D.C. 20004-1304
  Tel.: +1.202.637.2200

*Attorneys for Defendants Teleperformance SE,*
*Daniel Julien, Olivier Rigaudy, and Akash Pugalia*


## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CITY OF WARREN GENERAL EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>TELEPERFORMANCE SE, DANIEL JULIEN, OLIVIER RIGAUDY, and AKASH PUGALIA,<br><br>    Defendants. | CASE NO. 1:23-cv-00181-BLW<br><br>*Before the Honorable B. Lynn Winmill*<br><br>**DEFENDANTS TELEPERFORMANCE SE, DANIEL JULIEN, OLIVIER RIGAUDY, AND AKASH PUGALIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE**<br><br>*[Notice of Motion and Motion; Declaration of Sonia Cheurfa filed concurrently herewith]* |

**TABLE OF CONTENTS**

I.      INTRODUCTION .................................................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND...................................................3

III.    LEGAL ARGUMENT.........................................................................................................4

      A.      The Southern District of Florida Is a Proper Venue ............................................... 5

      B.      Transfer to the Southern District of Florida Is Appropriate .................................. 5

            1.      The Location of Events and Relevant Contacts Favor
                 Transfer ....................................................................................................... 5

            2.      No Deference Is Owed to Plaintiff's Choice of Forum in a
                 Class Action ............................................................................................... 7

            3.      Convenience Factors Strongly Favor Transfer .......................................... 9

      C.      The Interests of Justice Weigh in Favor of Transfer............................................ 11

IV.     CONCLUSION..................................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Big Sky W. Bank v. Jensen Fam. Inv. Co.*,
No. 4:12-CV-00617, 2013 WL 4046309 (D. Idaho Aug. 7, 2013) (Winmill, J.)..................4, 8

*Bondali v. Yum! Brands, Inc.*,
No. SACV 13-117, 2013 WL 12129379 (C.D. Cal. May 1, 2013) ......................................6, 8

*City of N. Mia. Beach Police Officers' & Firefighters' Ret. Plan v.*
*National Gen. Holdings Corp.*,
No. SACV 19-06468, 2019 WL 7900030 (C.D. Cal. Nov. 19, 2019)...................................6, 8

*City of Pontiac Gen. Emps.' Ret. Sys. v. Stryker Corp.*,
No. 10 Civ. 376, 2010 WL 2035130 (S.D.N.Y. May 21, 2010)..................................................6

*Doshi v. General Cable Corp.*,
No. 13 Civ. 7409, 2014 WL 12774226 (S.D.N.Y. Feb. 5, 2014) ..............................................6

*Echevarria v. Piccolo*,
No. 1:10-cv-00642, 2012 WL 523676 (D. Idaho Feb. 16, 2012) .......................................7, 10

*Fizer v. ThyssenKrupp Elevator*,
No. 4:11-cv-364, 2011 WL 6370028 (D. Idaho Dec. 19, 2011) (Winmill, J.) ..........................8

*Goff v. Nationwide Mut. Ins. Co.*,
No. CV 17-7358, 2018 WL 6003578 (C.D. Cal. Apr. 5, 2018) .................................................7

*Healey v. Spencer*,
No. CV 09-7596, 2010 WL 669220 (C.D. Cal. Feb. 22, 2010)..................................................8

*In re Yahoo! Inc.*,
No. CV 07-3125, 2008 WL 707405 (C.D. Cal. Mar. 10, 2008) .......................................1, 7, 8

*Johns v. Panera Bread Co.*,
No. 08-1071, 2008 WL 2811827 (N.D. Cal. July 21, 2008) ...................................................10

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir. 2000) ........................................................................................ *passim*

*Lou v. Belzberg*,
834 F.2d 730 (9th Cir. 1987) ...............................................................................................1, 7

*Luna v. Wal-Mart Transp. LLC*,
No. EDCV 18-331, 2018 WL 3569357 (C.D. Cal. July 11, 2018)...........................................7

CASE NO. 1:23-cv-00181-BLW
DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION TO TRANSFER VENUE

*Pacific Car & Foundry Co. v. Pence*,
   403 F.2d 949 (9th Cir. 1968) ........................................................................................2

*Pizzuto v. Homology Meds., Inc.*,
   No. 2:22-cv-01968 (C.D. Cal. April 18, 2023).........................................................10

*Rodgers v. Color St. LLC*,
   No. 2:22-cv-00397, 2023 WL 4627909, slip op. (D. Idaho July 19, 2023)...................5, 10, 11

*Sanchez v. Centene Corp.*,
   No. CV 16-08469, 2017 WL 11496768, slip op. (C.D. Cal. Mar. 1, 2017) ..............................7

*Sanders v. University of Idaho, Coll. of Law*,
   No. 3:19-cv-00225, 2022 WL 17668674 (D. Idaho Dec. 14, 2022) (Winmill, J.) ....................9

*Tran v. Third Ave. Mgmt. LLC*,
   No. CV-16-602, 2016 WL 6828217 (C.D. Cal. Apr. 12, 2016) ...............................................8

*U.S. ex rel. Brooks v. Stevens-Henager Coll., Inc.*,
   No. 1:13-cv-00009, 2015 WL 758988 (D. Idaho Feb. 23, 2015) (Winmill, J.)............... *passim*

*Western Watersheds Project v. Interior Bd. of Land Appeals*,
   No. 1:19-cv-037, 2019 WL 3877302 (D. Idaho Aug. 16, 2019) (Winmill, J.).........................9

*Western Watersheds Project v. Bernhardt*,
   No. 1:18-cv-00187, 2019 WL 3022188 (D. Idaho July 9, 2019).........................................2, 8

*Williams v. Bowman*,
   157 F. Supp. 2d 1103 (N.D. Cal. 2001) ...............................................................................10

**STATUTES**

15 U.S.C. § 78aa(a)...............................................................................................................5

28 U.S.C. § 1404(a) .......................................................................................................1, 4, 12

**OTHER AUTHORITIES**

United States District Courts - National Judicial Caseload Profile (Period Ending
   March 31, 2023), *available at*
   https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile03
   31.2023.pdf (last visited Aug. 15, 2023) ...............................................................................11

CASE NO. 1:23-cv-00181-BLW
DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION TO TRANSFER VENUE

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Teleperformance SE ("Teleperformance" or the "Company"), Daniel Julien, Olivier Rigaudy, and Akash Pugalia (the "Individual Defendants") (collectively, "Defendants") respectfully submit this memorandum in support of their Motion to Transfer Venue to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

## I.       INTRODUCTION

This federal securities class action should be transferred from the District of Idaho to the Southern District of Florida.  Federal securities class actions, such as this one, are routinely transferred to judicial districts with greater contacts to the parties and the challenged conduct, and where it is most convenient for the parties and non-parties.  *See, e.g.*, *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (affirming transfer of securities class action to district where the relevant transaction occurred, the majority of witnesses lived and worked, and the cost of litigation was lower); *In re Yahoo! Inc.*, No. CV 07-3125, 2008 WL 707405, at *3-4 (C.D. Cal. Mar. 10, 2008) (transferring securities class action because "location of the defendants is a weighty consideration in deciding whether this securities class action is properly transferred") (citation omitted).

When assessing a motion to transfer to a venue that is otherwise proper, courts within the Ninth Circuit consider a variety of factors (the "*Jones* factors") to assess the relative strength of the connections between the parties and claims at issue to the forum in which the case was filed and the forum to which it would be transferred.  Here, the *Jones* factors strongly favor transfer "in the interest of justice" over the minimal deference afforded to Plaintiff's choice of forum.  28 U.S.C. § 1404(a).

**The location of events and relevant contacts favor transfer from the District of Idaho to the Southern District of Florida.**  Three of the *Jones* factors consider the nature of any connection between the events and contacts at issue in the case and the plaintiff's chosen forum. None of the alleged misconduct in this case—public statements regarding Teleperformance's business practices—took place in Idaho.  No persons involved in making these challenged statements live in Idaho.  Indeed, Teleperformance is not headquartered in Idaho—it is headquartered in Paris, France—and none of the Individual Defendants lives or works in Idaho.

By contrast, Teleperformance has far greater ties to the Southern District of Florida.  Indeed, the corporate office for Teleperformance's wholly owned U.S. subsidiary, Teleperformance Group Inc., is in Miami, Florida and Teleperformance's Chief Executive Officer ("CEO"), Daniel Julien, a defendant in this action, has a residence in Miami, Florida, and works out of Teleperformance's Miami corporate office.  Likewise, other company executives—including Teleperformance's Chief Operating Officer ("COO"), Agustin Grisanti, and other executives responsible for decisions related to Teleperformance's content moderation services—work out of Teleperformance's corporate office in Miami.  Teleperformance's U.S. subsidiaries have more offices in the Southern District of Florida than in any other federal judicial district.  In contrast, the claims have no significant connection to the District of Idaho.

**No deference is owed to Plaintiff's choice of forum.**  Another of the *Jones* factors focuses on whether deference should be given to the plaintiff's chosen forum.  But any deference that might otherwise be given to a plaintiff's choice of forum is limited where, as here, Lead Plaintiff City of Warren General Employees' Retirement System and City of Westland Police and Fire Retirement System (collectively, the "Michigan Municipal Retirement Systems" or "Plaintiff") is pursuing claims as the representative of a putative national class.  Plaintiff's choice of forum should also be afforded little weight because it is not based in Idaho and has alleged no other facts connecting it to Idaho.  And as this Court has previously recognized, a plaintiff's choice of forum is afforded little weight where, as is the case here, "the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties."  *Western Watersheds Project v. Bernhardt*, No. 1:18-cv-00187, 2019 WL 3022188, at *6 (D. Idaho July 9, 2019) (quoting *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)).

**The convenience of the Parties strongly favors transfer.**  The final three *Jones* factors focus on the relative convenience of the forum to the Parties and likewise support transfer.  Litigating this case in the Southern District of Florida will cost less than in the District of Idaho given reduced travel costs for both Parties.  The majority of relevant witnesses—including certain of Defendants' percipient witnesses—are not located in Idaho, so the availability of compulsory

CASE NO. 1:23-cv-00181-BLW
DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION TO TRANSFER VENUE

process and ease of access to sources of proof favor transfer.  And if this case enters discovery and if any relevant witnesses reside in Idaho, Defendants are willing to depose them there.

Public interest factors may also be considered, and those factors also favor transfer.  The Southern District of Florida has a stronger interest in deciding the case, given Defendants' connections to that forum, and its proportionally more manageable caseload than that of this Court supports transfer as well.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Teleperformance is a multinational company that provides outsourced omnichannel customer experience management services and related digital services.  Class Action Compl. ("Complaint" or "Compl.") ¶ 6 (Apr. 19, 2023), ECF No. 1.  Teleperformance's services include content moderation for social media platforms including TikTok.  *Id.* ¶ 13.  Teleperformance is registered in accordance with the laws of the European Union and is headquartered in Paris, France.  Declaration of Sonia Cheurfa ("Cheurfa Decl.") ¶ 3.  Teleperformance has over 400 offices around the globe.  *Id.*  Through its subsidiaries, Teleperformance has more offices in the Southern District of Florida than in any other United States judicial district, with offices in Miami, Boca Raton, North Lauderdale, and Port St. Lucie.  *Id.* ¶ 5.  By contrast, Teleperformance, through its subsidiary Teleperformance USA ("TPUSA"), has only one office located in Idaho.  Compl. ¶ 6; Cheurfa Decl. ¶ 5.  Within the United States, Teleperformance, through TPUSA, provides content moderation services out of its offices located in Port St. Lucie, Florida, Boise, Idaho, and El Paso, Texas.  Cheurfa Decl. ¶ 6.  Teleperformance has more employees located in the Southern District of Florida than in the District of Idaho.  *Id.* ¶¶ 7-9.  Given Teleperformance's international footprint, the majority of Teleperformance's employees performing content moderation are located outside of the United States, with the largest number located in the Republic of Colombia. *Id.* ¶ 8.

The Individual Defendants in this action are Teleperformance's CEO Daniel Julian, Deputy CEO and Chief Financial Officer ("CFO") Olivier Rigaudy, and Global President of Trust and Safety Akash Pugalia.  Compl. ¶¶ 6-9.  None of them lives in Idaho.  Cheurfa Decl. ¶ 9. Likewise, none of these individuals conducts business of any sort within the District of Idaho.  *Id.*

On April 19, 2023, City of Warren General Employees' Retirement System filed a putative securities class action complaint against Teleperformance and the Individual Defendants alleging violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 on behalf of a class of persons who purchased Teleperformance American Depositary Receipts between July 29, 2020 and November 9, 2022.  Compl. at 1-2 & ¶¶ 1-2.  Plaintiff's claims rest on challenged statements related to Teleperformance's employment practices and content moderation services.  *See id.* ¶¶ 22-49.  Certain of these statements are reflected in Teleperformance's press releases and financial reports—which are prepared, reviewed, approved, and issued from Teleperformance's Paris headquarters.  *See id.*; Cheurfa Decl. ¶ 10.  Other challenged statements include statements made during Teleperformance's public earnings conference calls, investment conference calls, and shareholder meetings—which are conducted outside of Idaho.  Cheurfa Decl. ¶¶ 10-11.  Plaintiff offers no facts establishing that any events underlying the challenged statements occurred within this judicial district.  Instead, the only connection to this district Plaintiff identifies is a reference to an August 4, 2022 *Forbes* article containing a single quotation from a former Teleperformance employee who is alleged to have worked in Boise, Idaho.  Compl. ¶ 19.  But Plaintiff fails to connect that former employee—or any other contact with Idaho—to the challenged statements at issue in this case.  *See id.*  Plaintiff offers no other specific connections to Idaho.

## III.   LEGAL ARGUMENT

Any case may be transferred at the Court's discretion for "the convenience of the parties and the witnesses, in the interest of justice[]" to another district in which the suit may have been brought.  28 U.S.C. § 1404(a); *see also Big Sky W. Bank v. Jensen Fam. Inv. Co.*, No. 4:12-CV-00617, 2013 WL 4046309, at *7 (D. Idaho Aug. 7, 2013) (Winmill, J.) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)) ("courts are given broad discretion in deciding whether a transfer is appropriate[]" and should perform a "case-by-case" assessment "in accordance with the unique circumstances of each case[]").  The Court should exercise its discretionary authority to transfer the case to the Southern District of Florida.

The first—and threshold—question in determining transfer is whether the "transferee court is one where the action might have been brought." *Rodgers v. Color St. LLC*, No. 2:22-cv-00397, 2023 WL 4627909, slip op. at *4 (D. Idaho July 19, 2023) (citation omitted).  If so, courts then look to several factors—the *Jones* factors—to determine whether transfer is appropriate, weighing:  (1) the location where any relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.  *Jones*, 211 F.3d at 498-99.  In addition to the *Jones* factors, courts may also consider public-interest factors—including the Court's congestion and interest in having localized controversies decided at home—in assessing whether the "interests of justice" warrant transferring venue.  *U.S. ex rel. Brooks v. Stevens-Henager Coll., Inc.*, No. 1:13-cv-00009, 2015 WL 758988, at *12 (D. Idaho Feb. 23, 2015) (Winmill, J.).  These factors strongly favor transfer here.

### A.      The Southern District of Florida Is a Proper Venue

The answer to the threshold question—whether this action could have been brought in the Southern District of Florida—is clearly "yes."   Teleperformance has a substantial business presence in the Southern District of Florida.  *See* 15 U.S.C. § 78aa(a); *see also* Cheurfa Decl. ¶¶ 5-7.  Defendants do not expect Plaintiff to dispute this fact.

### B.      Transfer to the Southern District of Florida Is Appropriate

Where venue in the transferee district is proper, the Court should next weigh the *Jones* factors to determine "whether transfer is appropriate in a particular case."  *Jones*, 211 F.3d at 498 (citation omitted).  These factors strongly weigh in favor of transfer to the Southern District of Florida.

#### 1.      The Location of Events and Relevant Contacts Favor Transfer

The first, fourth, and fifth *Jones* factors relate to the location of alleged events and contacts with the forum:  (1) the "location" where the operative events took place; (4) "the respective

CASE NO. 1:23-cv-00181-BLW
DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION TO TRANSFER VENUE

parties' contacts with the forum"; and (5) "the contacts relating to the plaintiff's cause of action in the chosen forum[.]" *Id.* at 498-99 (citation omitted).[1]  Each supports transfer.

*First*, the operative events animating Plaintiff's causes of action (*Jones* factor one) are alleged to have occurred in locations outside of Idaho—a fact that weighs heavily in favor of transfer.  *See, e.g.*, *City of N. Mia. Beach Police Officers' & Firefighters' Ret. Plan v. National Gen. Holdings Corp.*, No. SACV 19-06468, 2019 WL 7900030, at \*3 (C.D. Cal. Nov. 19, 2019) (transferring case to the Southern District of New York where the "false statements allegedly made in SEC filings, press releases, and other public statements, were prepared and issued from New York[]" and not the transferor district); *Bondali v. Yum! Brands, Inc.*, No. SACV 13-117, 2013 WL 12129379, at \*4 (C.D. Cal. May 1, 2013) (transferring case and weighing the location of the statements made by the company and named defendants in the alternative forum); *City of Pontiac Gen. Emps.' Ret. Sys. v. Stryker Corp.*, No. 10 Civ. 376, 2010 WL 2035130, at \*4-5 (S.D.N.Y. May 21, 2010) ("the locus of operative events in a securities action is where the alleged misrepresentations were made[]").  It is no surprise that the statements on which Plaintiff's claims are based were made outside of Idaho, as Teleperformance's operations in Idaho are relatively modest—and less significant than its operations in the Southern District of Florida, a factor which this Court has held "heavily favors" transfer.  *See* Cheurfa Decl. ¶ 7 ("Teleperformance, through TPUSA, employs approximately 3,800 personnel in the state of Florida, versus approximately 900 in Idaho"); *Brooks*, 2015 WL 758988, at \*5-7 (defendants' more significant operations in Utah "heavily . . . favor[ed]" transfer).

*Second*, the Parties' contacts to the forum and the relationship of the Plaintiff's claims to the forum (*Jones* factors four and five) similarly favor transfer.  Plaintiff's complaint does not allege that it has any contacts with Idaho, whereas Defendants have extensive contacts with Florida.  *See City of N. Mia.*, 2019 WL 7900030, at \*2 ("[i]n assessing the convenience of the parties to a securities action, 'weighty consideration' is given to 'the location of the

---

[1] The second *Jones* factor—the state that is most familiar with the governing law—does not apply here as the claims are governed by federal law.  *See Doshi v. General Cable Corp.*, No. 13 Civ. 7409, 2014 WL 12774226, at \*4 (S.D.N.Y. Feb. 5, 2014).

CASE NO. 1:23-cv-00181-BLW
DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION TO TRANSFER VENUE

defendants[]'") (quoting *In re Yahoo!*, 2008 WL 707405, at *3); *Sanchez v. Centene Corp.*, No. CV 16-08469, 2017 WL 11496768, slip op. at *2 (C.D. Cal. Mar. 1, 2017) (granting motion to transfer where plaintiff's claims rested on defendant's financial disclosures, defendant's "personnel responsible for [defendant]'s financial analysis and financial reporting" were "key witnesses" located in the transferring district, and lead plaintiffs did not have significant connections to their chosen venue), *transferred to* 407 F. Supp. 3d 831 (E.D. Mo. 2019). Plaintiff's claims focus on statements pertaining to Teleperformance's commitment to corporate and social responsibility, employee well-being, and other key company priorities regarding content moderation services. *See, e.g.*, Compl. ¶¶ 22, 24-26, 28-29, 32, 35, 37-38, 41, 47-48. These statements were made by Teleperformance executives in Paris, and the programs these statements addressed were overseen by Teleperformance executives in either Paris or Miami, not Idaho. *See* Cheurfa Decl. ¶¶ 10-11, 13; *see also Goff v. Nationwide Mut. Ins. Co.*, No. CV 17-7358, 2018 WL 6003578, at *4 (C.D. Cal. Apr. 5, 2018) (transferring putative class action where, among other factors, "the majority of Defendants' employees who designed, implemented, and oversaw the [programs] at issue in this case . . . reside and work in Ohio"); *Echevarria v. Piccolo*, No. 1:10-cv-00642, 2012 WL 523676, at *6 (D. Idaho Feb. 16, 2012) (granting motion to transfer venue because "[w]hile there may have been Idaho residents who attended the training class taught in Idaho, the claims of Plaintiff relate to the conduct of Defendants in Arizona or other states besides Idaho and not the testimony of the residents who attended the training class[]").

> **2.**      **No Deference Is Owed to Plaintiff's Choice of Forum in a Class Action**

The third *Jones* factor considers "the plaintiff's choice of forum[.]"  211 F.3d at 498-99 (citation omitted).  This *Jones* factor is largely irrelevant to a securities class action.  Ordinarily, a plaintiff's choice of forum is entitled to deference, but that deference is "limited" where, as here, the original plaintiff filed "as [a] representative of a putative national class." *Luna v. Wal-Mart Transp. LLC*, No. EDCV 18-331, 2018 WL 3569357, at *5 (C.D. Cal. July 11, 2018); *see also Lou*, 834 F.2d at 739 ("[W]hen an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight.") (citations omitted).  This is especially true in a national class action suit like this one, where additional complaints could have been filed

in different districts, and thousands of additional members from across the country could join the yet-to-be-certified class. *See Tran v. Third Ave. Mgmt. LLC*, No. CV-16-602, 2016 WL 6828217, at *4 (C.D. Cal. Apr. 12, 2016) (granting motion to transfer to the Southern District of New York "[a]lthough there may be additional putative class members who reside in California" because of the "nationwide nature of the putative class[]").

A plaintiff's choice of forum is also afforded less weight when the plaintiff does not reside within the chosen district, which is the situation here. *See, e.g.*, *Fizer v. ThyssenKrupp Elevator*, No. 4:11-cv-364, 2011 WL 6370028, at *2 (D. Idaho Dec. 19, 2011) (Winmill, J.) ("While the plaintiff's choice of forum is to be respected in the venue determination, it is given less weight if . . . the plaintiff is a nonresident of the chosen forum[.]") (alteration in original) (internal quotation marks and citation omitted); *Big Sky W. Bank*, 2013 WL 4046309, at *7 (because "[plaintiff] is not a resident of Idaho, none of the defendants are resident here, and the Idaho property subject to the loan has been sold[,]" "the [plaintiff's] choice of this forum is entitled to little weight[]"); *In re Yahoo!*, 2008 WL 707405, at *6 ("Because plaintiffs do not reside in this forum and because this case is a class action, the usual reasons for deferring to a plaintiff's choice of forum do not apply.") (collecting cases).[2]

Lastly, a plaintiff's choice of forum is afforded little weight where, as here, "the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties." *Bernhardt*, 2019 WL 3022188, at *6. Indeed, the locus of operative facts in this case are the statements made by Teleperformance and its executives, none of which were made within Idaho. *See City of N. Mia.*, 2019 WL 7900030, at *3 ("the locus of operative facts is where allegedly false statements are made, not where underlying misconduct of fraud occurs") (citing *In re Yahoo!*, 2008 WL 707405, at *8). And "because the case could have been brought [in the Southern District of Florida] initially, . . . the usual deference to the plaintiff's choice of

---

[2] *See also, e.g.*, *Bondali*, 2013 WL 12129379, at *5 (finding that "plaintiff's choice of forum should be accorded minimal weight[]" where case was "a nationwide class action, Lead Plaintiff does not reside in this district and, as currently pleaded, this case has no connection to this district") (citation omitted); *Healey v. Spencer*, No. CV 09-7596, 2010 WL 669220, at *1 (C.D. Cal. Feb. 22, 2010) ("if the plaintiff does not reside in his chosen forum, courts accord considerable less deference to his choice of forum[]") (citations omitted).

forum is not entitled to much weight and the interests of justice and the local interests weigh heavily in favor of a transfer." *Western Watersheds Project v. Interior Bd. of Land Appeals*, No. 1:19-cv-037, 2019 WL 3877302, at *2 (D. Idaho Aug. 16, 2019) (Winmill, J.).

### 3.    Convenience Factors Strongly Favor Transfer

The sixth, seventh, and eighth *Jones* factors focus on the relative convenience of the fora for the parties:  (6) differences in litigation costs; (7) the availability of compulsory process; and (8) the ease of access to sources of proof.  211 F.3d at 498-99.  Each supports transfer.

The difference in litigation costs (*Jones* factor six) favors transfer.  It will cost less to litigate this case in the Southern District of Florida than in the District of Idaho.  The Southern District of Florida is geographically closer than the District of Idaho to both Plaintiff and the majority of the Defendants; travel costs for both Parties will be lower if this case is transferred. Further, transfer will significantly reduce or eliminate travel expenses for Defendants, including Mr. Julien, who has a residence in Miami.  And, given the alleged misrepresentations relate to Teleperformance's content moderation services in Colombia and Teleperformance's statements generated in France, travel expenses for international witnesses will be greatly reduced if this action were litigated in the Southern District of Florida.  For example, travel from Bogota, Colombia or Paris, France to Boise, Idaho, requires multiple flights and nearly a full day of travel. By contrast, there are numerous direct flights from Bogota and Paris to Miami available daily— which would save both time and money for non-party witnesses.  *See Sanders v. University of Idaho, Coll. of Law*, No. 3:19-cv-00225, 2022 WL 17668674, slip op. at *5 (D. Idaho Dec. 14, 2022) (Winmill, J.) (transferring case because non-transfer would "require[] every single witness, the parties, and their counsel to travel and incur the related expenses[]").

The majority of relevant witnesses are not located in Idaho, so the availability of compulsory process and ease of access to sources of proof (*Jones* factors seven and eight) also favor transfer.  Certain of Defendants' percipient witnesses, including non-party Teleperformance executives responsible for decision-making pertaining to content moderation, are located in Miami thereby "weigh[ing] in favor of a transfer." *Brooks*, 2015 WL 758988, at *9 (holding that although some witnesses were located in Idaho, a "critical mass of witnesses with relevant

CASE NO. 1:23-cv-00181-BLW
DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION TO TRANSFER VENUE

knowledge will be located" in transferring district and thus, "[t]his part of the analysis thus weighs in favor of a transfer[]"); *see also Echevarria*, 2012 WL 523676, at *6 (finding that although some witnesses were located in Idaho, a "majority of witnesses to these issues in this case" were located in Arizona and "litigating this matter would be more convenient for the potential witnesses in Arizona[]"); Order Granting Defs.' Mot. to Transfer at 10, *Pizzuto v. Homology Meds., Inc.*, No. 2:22-cv-01968 (C.D. Cal. April 18, 2023), ECF No. 71 (transferring securities class action to the District of Massachusetts because "the action centers on these statements [and] relevant witnesses are more likely to be" located there) (citation omitted).  Because the Southern District of Florida has a "critical mass of witnesses with relevant knowledge" "to these issues in this case," this factor weighs in favor of transfer.  *Brooks*, 2015 WL 758988, at *9; *Echevarria*, 2012 WL 523676, at *6.

Apart from one former Teleperformance employee referenced in the August 4, 2020 *Forbes* article cited in the Complaint, ¶ 19, Plaintiff has not named *a single witness* in Idaho.  *See Johns v. Panera Bread Co.*, No. 08-1071, 2008 WL 2811827, at *3 (N.D. Cal. July 21, 2008) ("the Court 'cannot base a decision to transfer on speculation as to the relevance of potential, but unnamed, witnesses[]'") (citation omitted).  Even if Plaintiff were to claim that it has identified the former employee as referenced in the *Forbes* article, Plaintiff has failed to establish inconvenience or explain her proposed testimony and its relevance to the challenged statements.  *See Rodgers*, 2023 WL 4627909, at *8 ("To establish inconvenience of witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance.") (internal quotation marks and citation omitted); *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001) ("Absent a more specific showing that particular witnesses will be necessary at trial, the court cannot consider the convenience of these unnamed witnesses"). And, in any event, while there is no guarantee that this single former Teleperformance employee is presently domiciled in Idaho and will remain in Idaho until this case is tried, if this case were to proceed to discovery, Defendants are amenable to taking the deposition of this witness in Idaho or another location convenient to the witness.

### C.       The Interests of Justice Weigh in Favor of Transfer

In addition to the *Jones* factors above, courts consider public-interest factors, including the Court's interest in deciding the controversy and the relative congestion of the Court, in assessing whether the interests of justice weigh in favor of transfer. *Brooks*, 2015 WL 758988, at *11. Here, the public-interest factors, individually and in sum, strongly support transfer to the Southern District of Florida. The Southern District of Florida unquestionably has an interest in deciding an action where a portion of the operative facts occurred in the District, and the defendant, Teleperformance, is a company who has a large corporate presence there. *See id.* at *12 ("the Court concludes that because the majority of operative facts allegedly occurred in Utah, Utah has a greater interest in this case than Idaho[]") (citation omitted). While the District of Idaho undoubtedly has an interest in deciding an action challenging Teleperformance's conduct in Idaho, any such conduct is not what this case is about. This case is about the alleged misrepresentations made *outside* of Idaho regarding Teleperformance's global content moderation operations *outside* of Idaho. Thus, the Southern District of Florida has a stronger interest in deciding this matter.

Finally, this Court's caseload favors transfer to the Southern District of Florida. As this district has recently recognized, "this Court is buried with over 500 pending civil and criminal case[s,]. . . Idaho's federal docket is stacked, and the Court still expects delays in issuing decisions." *Rodgers*, 2023 WL 4627909, at *8 (rejecting plaintiff's assumption that the District of Idaho has a "less burdensome docket" than the District of New Jersey and granting motion to transfer). By comparison, the Southern District of Florida has fewer pending cases per judgeship (322) than this District (535). *See* United States District Courts — National Judicial Caseload Profile at 71 & 92 (Period Ending March 31, 2023), *available at* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2023.pdf (last visited Aug. 15, 2023). The public-interest factors favor transfer in this instance.

## IV.    CONCLUSION

Defendants respectfully request that the Court exercise its discretion to transfer this case to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

DATED:  August 15, 2023

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Colleen C. Smith*
    Colleen C. Smith (*Pro Hac Vice*)
    *colleen.smith@lw.com*
    12670 High Bluff Drive
    San Diego, California 92130
    Tel.: +1.858.523.5400

    Michele D. Johnson (*Pro Hac Vice*)
    *michele.johnson@lw.com*
    650 Town Center Drive, 20th Floor
    Costa Mesa, California 92626
    Tel.: +1.714.540.1235

    Christopher Turner (*Pro Hac Vice*)
    *christopher.turner@lw.com*
    555 Eleventh Street, NW #1000
    Washington, D.C. 20004-1304
    Tel.: +1.202.637.2200

STOEL RIVES LLP

By:_____
    Elijah M. Watkins (ISB No. 8897)
    *elijah.watkins@stoel.com*
    101 South Capitol Boulevard, Suite 1900
    Boise, Idaho 83702
    Tel.: + 1.208.387.4275

*Attorneys for Defendants Teleperformance SE,*
*Daniel Julien, Olivier Rigaudy, and Akash Pugalia*

CASE NO. 1:23-cv-00181-BLW
DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION TO TRANSFER VENUE