MONTELEONE LAW OFFICES, P.L.L.C.
JASON R.N. MONTELEONE (ISB #5441)
JACOB D. BOTTARI (ISB #9556)
350 North Ninth Street, Suite 500
Boise, ID  83702
Telephone:  208/331-2100
208/947-2424 (fax)
jason@treasurevalleylawyers.com
jake@treasurevalleylawyers.com

Local Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| CITY OF WARREN GENERAL EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        vs.<br><br>TELEPERFORMANCE SE, et al.,<br><br>                              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:23-cv-00181-BLW<br><br>CLASS ACTION<br><br>LEAD PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE |

4875-2535-8972.v1

**TABLE OF CONTENTS**

**Page**

I.      Introduction ..................................................................................................................1

II.     Defendants Have Not Demonstrated That Transfer Of This Action Is Warranted ..............3

      A.      Legal Standards ..................................................................................................3

      B.      The Balance of the *Jones* Factors Weigh Against Transfer of This Action ............4

            1.      Defendants' Motion Ignores Plaintiffs' Allegations of Egregious Conduct in This District ..............................................................................4

            2.      Plaintiffs' Choice of Forum Is Afforded Substantial Deference .................8

            3.      Transfer of This Matter Will Result in Significant Inconvenience to Non-Party Witnesses Who Were Subjected to the Alleged Egregious Conduct and Who Reside in This District ................................10

III.    Conclusion ....................................................................................................................13

4875-2535-8972.v1

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Allen v. Scribner*,
812 F.2d 426 (9th Cir. 1987) .................................................................................................7

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
571 U.S. 49 (2013).................................................................................................................3

*Big Sky W. Bank v. Jensen Family Inv. Co., LLC*,
2013 WL 4046309 (D. Idaho Aug. 7, 2013)............................................................................3

*Bondali v. Yum! Brands, Inc.*,
2013 WL 12129379 (C.D. Cal. May 1, 2013) .........................................................................5

*City of N. Mia. Beach Police Officers' & Firefighters' Ret. Plan v.*
*Nat'l Gen. Holdings Corp.*,
2019 WL 7900030 (C.D. Cal. Nov. 19, 2019)....................................................................4, 9

*Decker Coal Co. v. Commonwealth Edison Co.*,
805 F.2d 834 (9th Cir. 1986) ............................................................................................5, 8

*Gadbois v. PHI Health, LLC*,
2023 WL 4491726 (C.D. Cal. July 12, 2023).........................................................................8

*Johns v. Panera Bread Co.*,
2008 WL 2811827 (N.D. Cal. July 21, 2008).......................................................................11

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir. 2000) .......................................................................................2, 3, 4

*Jovel v. i-Health, Inc.*,
2012 WL 5470057 (C.D. Cal. Nov. 8, 2012)..........................................................................8

*Lou v. Belzberg*,
834 F.2d 730 (9th Cir. 1987) ............................................................................................8, 9

*Luna v. Wal-Mart Transp. LLC*,
2018 WL 3569357 (C.D. Cal. July 11, 2018)......................................................................10

*New Phase Dev., LLC v. Cook*,
2014 WL 4793845 (D. Idaho Sept. 25, 2014).........................................................................8

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (1981)..............................................................................................................8

*Ret. Sys. v. Stryker Corp.*,
2010 WL 2035130 (S.D.N.Y. May 21, 2010) .........................................................................5

4875-2535-8972.v1

**Page**

*Rhino Metals, Inc. v. Kodiak Safe Co., LLC*,
2017 WL 2903339 (D. Idaho Mar. 25, 2017) ..............................................................4

*Rodgers v. Color St. LLC*,
2023 WL 4627909 (D. Idaho July 19, 2023) .........................................................10, 12

*Sanders v. Univ. of Idaho*,
2022 WL 17668674 (D. Idaho Dec. 14, 2022) ........................................................4, 10

*Stewart Org., Inc. v. Ricoh Corp.*,
487 U.S. 22 (1988)....................................................................................................3

*Tran v. Third Ave. Mgmt. LLC*,
2016 WL 6828217 (C.D. Cal. Apr. 12, 2016) ..........................................................10

*U.S. ex rel. Brooks v. Stevens-Henager Coll., Inc.*,
2015 WL 758988 (D. Idaho Feb. 23, 2015)..............................................................7

*Van Dusen v. Barrack*,
376 U.S. 612 (1964)....................................................................................................8

*W. Watersheds Project v. Bernhardt*,
2019 WL 3022188 (D. Idaho July 9, 2019) ..............................................................9

*W. Watersheds Project v. Interior Bd. of Land Appeals*,
2019 WL 3877302 (D. Idaho Aug. 16, 2019)...........................................................9

*Williams v. Bowman*
157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001) .........................................................11

**STATUTES, RULES AND REGULATIONS**

28 U.S.C.
§1391(b)....................................................................................................................3
§1404(a) ..............................................................................................................2, 3, 4

15 U.S.C.
§78aa.........................................................................................................................3
§78j(b)) ....................................................................................................................1

4875-2535-8972.v1

## I.      Introduction

Lead Plaintiffs City of Warren General Employees' Retirement System and City of Westland Police and Fire Retirement System ("Plaintiffs") respectfully submit this opposition in response to Defendants' Motion to Transfer Venue (ECF 26) (the "Motion" or "Mtn.").   In their Motion, Defendants Teleperformance SE ("Teleperformance" or the "Company"), Daniel Julien, Olivier Rigaudy, and Akash Pugalia (collectively, "Defendants") contend that, despite Plaintiffs' choice to lay venue in the District of Idaho, this case should be transferred to the Southern District of Florida. Defendants are wrong.   The Motion ignores the strong connections that this action has to this District, while overstating the facts supporting transfer to Defendants' requested venue.

Plaintiffs bring this federal securities class action lawsuit alleging that Defendants violated the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §78j(b)). The action is brought on behalf of a putative class of purchasers or acquirers of Teleperformance American Depositary Receipts ("ADRs") between July 29, 2020 and November 9, 2022, inclusive (the "Class Period").

Teleperformance is a provider of outsourced omnichannel customer experience management services and related digital services. The Company's services include content moderation for social media platforms, such as TikTok.  Teleperformance conducts content moderation activities out of its Boise-based operations, which employs 900 citizens of this District.  Declaration of Sonia Cheurfa In Support of Defendants Teleperformance SE, Daniel Julien, Olivier Rigaudy, and Akash Pugalia's Memorandum of Points and Authorities In Support of Motion to Transfer Venue (ECF 26-2) ("Cheurfa Decl.") at ¶¶5-7.

Plaintiffs allege that Defendants failed to disclose, among other things, that: (a) Teleperformance's growth in Core Services and Digital Integrated Business Services, which included content moderation services, had been achieved, in part, by requiring its content moderators to engage in inappropriate, traumatic, abusive, and potentially criminal activities; (b) certain

- 1 -

4875-2535-8972.v1

Company social content moderators had been trained with materials which included illicit images of child sexual exploitation; (c) contraband images had been included in Teleperformance Daily Required Reading reports for its content moderation staff; (d) the Company had failed to safeguard child sexual abuse materials and had potentially violated strict rules governing the handling of such materials, including rules relating to the National Center for Missing & Exploited Children; (e) Teleperformance had failed to provide adequate training or emotional and psychological support to content moderators exposed to egregious materials, including those exposed to extreme graphic violence and sexual images; (f) the Company had imposed unreasonable time and performance targets that compounded the occupational trauma suffered by its content moderators; and (g) Teleperformance had failed to implement or maintain the working conditions represented to investors, including by subjecting the Company's content moderation workers to widespread occupational trauma without psychological support, and with paltry pay, punitive salary deductions, extensive surveillance, and aggressive union-busting tactics.

Plaintiffs allege that this egregious conduct occurred in this District, involving an untold number of non-party witnesses who live in this District – allegations Defendants' Motion ignores, and all of which provide a sufficient basis for respecting Plaintiffs' choice of venue. Indeed, the balance of factors outlined in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) governing whether transfer of venue is appropriate under 28 U.S.C. §1404(a) ("Section 1404(a)") weighs heavily against transfer. First, the interests of justice dictate that this District, in which there is localized interest in the facts and resolution of this litigation, be maintained as venue. Second, this District is Plaintiffs' first choice, a factor which is afforded considerable weight in the Ninth Circuit. Third, the convenience of non-party witnesses favors this District due to the presence here of key

- 2 -

witnesses who can provide testimony and evidence bearing directly upon the falsity and scienter elements of Plaintiffs' claims in this securities fraud action.

Defendants fail to carry their heavy burden of showing that their proposed forum is more convenient than Plaintiffs' chosen venue.  As a result, Defendants' Motion should be denied.

## II. Defendants Have Not Demonstrated That Transfer Of This Action Is Warranted

### A. Legal Standards

A court may transfer an action to another district: (1) for the convenience of the parties; (2) for the convenience of witnesses; and (3) in the interest of justice.  Section 1404(a).  In *Jones*, the Ninth Circuit outlined multiple factors to be weighed in determining whether to transfer an action.[1] As this Court has found, "[t]his balancing test is completed on a case-by-case basis, with different weight afforded to each of the elements in accordance with the unique circumstances of each case." *Big Sky W. Bank v. Jensen Family Inv. Co., LLC*, 2013 WL 4046309, at *7 (D. Idaho Aug. 7, 2013). *See also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23, 29 (1988) (transfer pursuant to §1404(a) is "an individualized, case-by-case consideration of convenience and fairness" based on "a number of case-specific factors.").

Notably, Defendants' Motion rests on the premise that venue may properly be laid in this District – a point Defendants must concede since the special venue provisions of the Exchange Act, 15 U.S.C. §78aa, and the general venue provision for civil actions, 28 U.S.C. §1391(b), provide for venue of this action in this District.  *See also Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W.*

---

[1]    Those factors are "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones*, 211 F.3d at 498-99.

4875-2535-8972.v1

*Dist. of Tex.*, 571 U.S. 49, 59 (2013) (Section 1404(a) "permits transfer to any district where venue is *also* proper").[2] Rather, Defendants' Motion contends that venue would purportedly be more convenient in the Southern District of Florida. While the Court is afforded "considerable discretion" in deciding Defendants' Motion, it is ***Defendants' burden*** to "show that the balance of conveniences *heavily* favors the transfer." *Sanders v. Univ. of Idaho*, 2022 WL 17668674, at \*3 (D. Idaho Dec. 14, 2022). "'A defendant does not satisfy the burden merely by showing preference for another forum or by shifting the inconvenience to the other party.'" *Rhino Metals, Inc. v. Kodiak Safe Co., LLC*, 2017 WL 2903339, at \*11 (D. Idaho Mar. 25, 2017). Having done little more than show that they prefer to litigate this case elsewhere, Defendants fail to meet their heavy burden.

**B. The Balance of the *Jones* Factors Weigh Against Transfer of This Action**

**1. Defendants' Motion Ignores Plaintiffs' Allegations of Egregious Conduct in This District**

Defendants' Motion is premised on their assertion that this case is ***only*** about the making of false and misleading statements, or omissions, and because Defendants did not undertake that conduct in this District, venue should be transferred. Mtn. at 1, 6, 8, 11. As described below, Plaintiffs' claims are not that narrow. Nonetheless, Plaintiffs do not dispute that the false and misleading statements, or omissions, alleged to have been made by Defendants did not emanate from Idaho. However, by Defendants own admission, those same false and misleading statements, or omissions, also did not emanate from the Southern District of Florida, but rather from Paris, France. Cheurfa Decl. at ¶¶10-12. Thus, Defendants' reliance on decisions transferring securities class actions to the venue where the alleged false and misleading statements were made, is misplaced. Mtn. at 6 citing *City of N. Mia. Beach Police Officers' & Firefighters' Ret. Plan v. Nat'l Gen.*

---

[2] Emphasis is added and citations are omitted throughout unless otherwise indicated.

- 4 -

4875-2535-8972.v1

*Holdings Corp.*, 2019 WL 7900030, at *3 (C.D. Cal. Nov. 19, 2019); *Bondali v. Yum! Brands, Inc.*, 2013 WL 12129379, at *4 (C.D. Cal. May 1, 2013); *City of Pontiac Gen. Emps.' Ret. Sys. v. Stryker Corp.*, 2010 WL 2035130, at *4-5 (S.D.N.Y. May 21, 2010).

Moreover, Defendants **admit a connection to this District** in that Teleperformance maintained operations that employed 900 citizens in Boise. Cheurfa Decl. at ¶¶6-7. What Defendants' Motion ignores is the egregious and shocking conduct these employees were subjected to in this District, all of which is evidence relevant to prove the falsity of the alleged false and misleading statements, or omissions, and that Defendants made those statements with scienter – essential elements of Plaintiffs' claims. The presence of evidence of the false and misleading nature of the information Defendants provided to the market, including hundreds of potential non-party witnesses in this District, provide a compelling nexus to this District sufficient to deny Defendants' Motion. As the Ninth Circuit has recognized, the venue where events occur has a local interest in having localized controversies tried at home. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Teleperformance's Boise-based operations centered around the Company's content moderating services it provides to social media platforms such as TikTok. Content moderating involves checking user-generated content against applicable laws and regulations, and community guidelines, to validate if the content is suitable to be posted online. ¶14.[3] Content moderators may be tasked with identifying and removing egregious materials such as graphic violence and child sexual abuse. *Id.* Teleperformance's content moderation services have provided an increasingly important growth driver for the Company's business in recent years – accounting for almost 10% of

---

[3]     All ¶_ or ¶¶__ references are to the Complaint for Violations of the Federal Securities Laws and Demand for Jury Trial (ECF 1).

4875-2535-8972.v1

the Company's profitability in 2022, helping the Company rise to be a dominant player in the industry with an estimated market share of $600 million.  ¶¶15-16.

Defendants touted Teleperformance's effective content moderation services, and superior workplace environment, emphasizing the measures in place to protect employees' well-being, throughout the Class Period.  *See e.g.* ¶¶24-26, 31-33, and 46-48.  Defendants trumpeted the "top employer" certifications Teleperformance was awarded due to making "the well-being of its employees a key priority."  *See e.g.* ¶¶24, 29, and 35.  In reality, the content moderators in this District, and elsewhere, were subject to grotesque, horrifying, and potentially criminal working conditions.  Plaintiffs allege that Teleperformance's content moderators were provided with a training document, known internally as Daily Required Reading, or DRR, that contained real life images and videos of children being sexually exploited – including nude images of children being abused or engaging in sexual acts, which had been removed from TikTok.  ¶19.  The DRR also contained images of graphic violence, such as murder, suicide, cannibalism, and terrorist activities. ¶¶19-20.  This training manual was widely available within Teleperformance and TikTok, and employees were instructed to refer to it when making determinations whether to remove the content they were moderating.  ¶19.[4]

Moreover, while Defendants told the market that employee well-being was a top priority, Plaintiffs allege that the content moderation operations were drastically understaffed, required employees to review 900 videos/images per shift, or risk disciplinary recourse for "work avoidance,"

---

[4]     Once these images are identified, the material is to be immediately reported to the NCMEC's CyberTipline, where that staff then analyze the material, attempt to locate the source of the material and notify the appropriate law enforcement agency.  ¶19.  Teleperformance is permitted to retain such images for 90 days to aid authorities but federal law explicitly requires companies to "minimize the number of employees that are provided access" to that content, "maintain the materials in a secure location," and "ensure that any such visual depiction is permanently destroyed, upon a request from a law enforcement agency."  *Id*.  Plaintiffs allege that the Company did not abide these requirements.  ¶50.

4875-2535-8972.v1

that the mental health support the Company purportedly offered was "just for show," and that employees that sought help were often directed to seek it from their healthcare providers, or not at all.  ¶20.

Indeed, once the shocking news of Teleperformance's practices were publicly disclosed, a bipartisan U.S. Senate inquiry followed.  ¶53.  In response to that inquiry, Teleperformance claimed it conducted internal and external audits that involved its Boise-based operations, to determine if child sexual abuse material is used in the Company's training of content moderators.  ¶¶54, 62.  The Company claimed that their audit confirmed that no such material was located in the training materials.  ¶62.  The audit reports were not made public, and the Company did not explain the discrepancy between what their audit found, and what had been reported by *The New York Times* and *Wall Street Journal*.  *Id.*

These allegations show the strong connection this case has to this District – a District in which Defendants admit they employ 900 people who provide the services at the center of Plaintiffs' allegations.  As this Court has recognized, "[i]n a fraud case such as this, it is more useful to ask where the bulk of the claim arose."  *U.S. ex rel. Brooks v. Stevens-Henager Coll., Inc.*, 2015 WL 758988, at *4 (D. Idaho Feb. 23, 2015) citing *Allen v. Scribner*, 812 F.2d 426 (9th Cir. 1987).  Defendants offer no evidence showing a stronger connection to the Southern District of Florida.  Indeed, they admit none of the Defendants reside there, that the false and misleading statements, or omissions, came from Paris, France – not Florida, only generically describe that "several executives and senior personnel with knowledge regarding the statements and subject matter at issue" reside in Florida, and fail to quantify the number of employees in Florida engaged in content moderation –

- 7 -

activities at the center of Plaintiffs' allegations.  Cheurfa Decl. at ¶¶9-13.[5]  This proffer falls woefully short of the strong showing necessary to warrant transfer of this action, and merely acts to shift the inconvenience to Plaintiffs and non-party witnesses.  *New Phase Dev., LLC v. Cook*, 2014 WL 4793845, at *7 (D. Idaho Sept. 25, 2014) citing *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964) (denying motion to transfer where "Defendants fail to show that a transfer accomplishes more than merely shifting any inconvenience to Plaintiffs").

Plaintiffs' allegations clearly show that the "crux" of the wrongdoing occurred in this District.  *Jovel v. i-Health, Inc.*, 2012 WL 5470057, at *6 (C.D. Cal. Nov. 8, 2012).  When, as here, "'because the events at issue took place [here],'" this District's local interest is stronger, weighing against transferring this matter to the Southern District of Florida.  *Gadbois v. PHI Health, LLC*, 2023 WL 4491726, *5 (C.D. Cal. July 12, 2023).

### 2.  Plaintiffs' Choice of Forum Is Afforded Substantial Deference

Court's apply "a strong presumption in favor of the plaintiff's choice of forum."  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981); *see also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("great weight" is given to plaintiff's choice of forum).  And in the Ninth Circuit, a defendant must "make a strong showing of inconvenience to warrant upsetting plaintiff's choice of forum."  *Decker Coal Co.*, 805 F.2d at 843.  Nevertheless, Defendants assert that Plaintiffs' choice of venue is afforded "no deference."  Mtn. at 7.  Defendants are profoundly incorrect.

Defendants' assert that transfer is warranted because the "locus of operative facts" is the making of the alleged false and misleading statements, which did not occur in this District.  Mtn. at 8.  But neither did those statements emanate from Defendants' chosen forum. Cheurfa Decl. at ¶¶10-12.  And Defendants' argument does not take into consideration that Plaintiffs allege egregious

---

[5]    Defendants' failure of proof to support their request for transfer distinguishes this matter from the cases they cite.  Mtn. at 6-7.

conduct relevant to show the false and misleading nature of the information Defendants disseminated to investors from Paris, France, occurred in this District.  *See* § II.B.1.  Indeed, it is for these reasons that the cases Defendants rely upon are distinguishable. Mtn. at 8 citing *W. Watersheds Project v. Bernhardt*, 2019 WL 3022188, at *6 (D. Idaho July 9, 2019) (transfer warranted because, unlike here, no facts alleged to have taken place in Idaho); *City of N. Mia.*, 2019 WL 7900030, at *3 (transfer to venue where false statements occurred); *W. Watersheds Project v. Interior Bd. of Land Appeals*, 2019 WL 3877302, at *2 (D. Idaho Aug. 16, 2019) (transfer warranted because facts alleged concerned grazing rights to a "single allotment in Utah" and no localized interest shown in original forum).

Nor does it mean that simply because Plaintiffs are not residents of this District that their choice of forum is entitled to "little weight."  Mtn. at 8.  This is particularly so here because ***Teleperformance is a resident of this District, and employs 900 people in this District***.  Cheurfa Decl. at ¶¶6-7.  In none of the cases Defendants rely upon to support their argument, was the defendant a resident, or doing business in the plaintiff's chosen venue, thus providing no support for Defendants' sweeping argument.  Mtn. at 8.

Finally, Plaintiffs' choice of forum is not a nullity, as Defendants contend, because this matter is a national class action.  And Defendants' cited authority does not support their contention. Mtn. at 7-8.  For instance, in *Lou*, the Ninth Circuit reasoned, even though the matter before it was styled as a class action, "[i]n judging the weight to be accorded Lou's choice of forum, consideration must be given to the extent of both Lou's and the Belzbergs' contacts with the forum, including those relating to Lou's cause of action. . . .  If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, Lou's choice is entitled to only minimal consideration." 834 F.2d at 739.  Here, Plaintiffs' allegations make plain that key operative facts

- 9 -

occurred in this District, and additionally, Defendants have admitted to doing business in this District, underscoring that there is a strong localized interest in litigating the matter here, weighing against transfer to Florida.[6]  That this is a class action does not automatically make Plaintiffs' choice of venue irrelevant.

          **3.**       **Transfer of This Matter Will Result in Significant Inconvenience to Non-Party Witnesses Who Were Subjected to the Alleged Egregious Conduct and Who Reside in This District**

Defendants' Motion seeks to shift the inconvenience they claim to be burdened with to non-party witnesses who have relevant evidence Plaintiffs need to prove key elements of their claims. However, as this Court has noted, "'[t]he convenience of non-party witnesses is a more important factor than the convenience of party witnesses.'"  *Sanders*, 2022 WL 17668674, at *5.  While Defendants attempt to shift the burden to Plaintiffs to identify relevant witnesses located in Idaho as a precursor to retaining venue in this District (Mtn. at 10)[7], it is ***Defendants' burden*** to "'name the witnesses, state their location, and explain their testimony and its relevance,'" to justify their claim of inconvenience.  *Rodgers v. Color St. LLC*, 2023 WL 4627909, at *8 (D. Idaho July 19, 2023).  Defendants fall well short of this required showing.

Defendants have superior knowledge, and access, to information permitting them to provide the required details concerning witnesses they claim are residents of their chosen forum.  Yet, they

---

[6]      Likewise, nor did the courts in *Luna v. Wal-Mart Transp. LLC*, 2018 WL 3569357 (C.D. Cal. July 11, 2018) and *Tran v. Third Ave. Mgmt. LLC*, 2016 WL 6828217 (C.D. Cal. Apr. 12, 2016), discount entirely the plaintiffs' choice of venue in deciding to transfer the matters elsewhere, but in accordance with controlling Ninth Circuit authority, weighed the interests of the locales in assessing whether transfer was warranted.

[7]      Plaintiffs' access to information to provide details about witnesses in Idaho is handicapped by the mandatory discovery stay imposed by the Private Securities Litigation Reform Act of 1995 which will remain in place until this Court denies Defendants' anticipated motion to dismiss Plaintiffs' claims.

4875-2535-8972.v1

provide very little detail to support their sweeping assertions that "the majority" of relevant witnesses are in Florida.  Mtn. at 9.  While Defendants admit that none of them are residents of the Southern District of Florida (save from claiming Defendant Julien has a "residence," but does not live, there), they make nothing more than bald statements that "certain" witnesses "responsible for decision-making pertaining to content moderation" are located in Miami.  Mtn. at 9; Cheurfa Decl. at ¶¶9, 13.  This speculation is insufficient to meet their burden.  Indeed, Defendants' own cited authority supports the inadequacy of the information they have offered.  In *Johns v. Panera Bread Co.*, 2008 WL 2811827, at *3 (N.D. Cal. July 21, 2008), the court noted that it "'cannot base a decision to transfer on speculation as to the relevance of potential, but unnamed, witnesses'" – exactly what Defendants offer this Court as a basis to show their inconvenience.  Likewise in *Williams v. Bowman*, the court held "[d]efendants also point to potential witnesses from a 'local hospital' and from the prison. Defendants do not identify any specific witness. Absent a more specific showing that particular witnesses will be necessary at trial, the court cannot consider the convenience of these unnamed witnesses." 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001).

In asking this Court to transfer this action, Defendants are not lessening their burden to travel to the location where the litigation is pending.  They will have to travel internationally whether the case remains in this District or not.  However, what their Motion will achieve, if successful, is prohibiting Plaintiffs from being able to compel non-party witnesses who have critical evidence concerning the Defendants' use of child sexual abuse material, graphic images of torture, murder, suicide and cannibalism in their training materials, from appearing before a jury at trial.  These witnesses have relevant information about the Company's practices, the impact those practices had on the content moderators employed by Teleperformance, and the lack of mental health support and resources Defendants repeatedly touted to the market they made available to these employees.  And

4875-2535-8972.v1

even if these witnesses eventually agree to voluntarily appear at a trial in Florida, their inconvenience in potentially having to travel to appear at trial is given more weight than the potential inconvenience to Defendants or party witnesses. *Rodgers*, 2023 WL 4627909, at *8 ("less weight is given to this factor when there is inconvenience to party witnesses").

Finally, to argue that the interests of justice require transfer, Defendants compare the docket conditions in this District with those in Defendants' preferred Florida venue. Mtn. at 11. But no definitive conclusion can be drawn from Defendants' self-selected spotlight on certain statistics meant to depict a lighter caseload for judges in the Southern District of Florida. For example, while Defendants are correct that gross pending cases are 552 and 313 in this District and the Southern District of Florida, respectively, Defendants conveniently omit the Weighted Filing statistics for each District, which "account for the different amounts of time district judges require to resolve" various actions, and assign higher weight "for more time-consuming cases" and lower weights to those cases "demanding relatively little time from judges."[8] The number of Weighted Filings in the District of Idaho as of June 30, 2023 is 486, compared with 1100 for the Southern District of Florida, indicating that the discrepancy between the docket conditions in this Court and in Defendants' preferred venue is not advantageous as Defendants suggest.[9]

---

[8] *Explanation of Selected Terms*, U.S. COURTS (March 2012), https://www.uscourts.gov/sites/default/files/explanation-selected-terms-district-march-2012_0.pdf.

[9] *Chart of U.S. District Courts National Caseload Profile*, U.S. COURTS (June 30, 2023), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2023.pdf.

4875-2535-8972.v1

III.    **Conclusion**

Defendants' Motion should be denied.  Defendants have failed to meet their heavy burden to show that transfer of this action is appropriate.

DATED:  August 29, 2023                              ROBBINS GELLER RUDMAN
                                                       & DOWD LLP
                                                     BRIAN E. COCHRAN (admitted *pro hac vice*)
                                                     DEBRA J. WYMAN (admitted *pro hac vice*)


                                                              s/ DEBRA J. WYMAN
                                                     _____
                                                                DEBRA J. WYMAN

                                                     655 West Broadway, Suite 1900
                                                     San Diego, CA  92101-8498
                                                     Telephone:  619/231-1058
                                                     619/231-7423 (fax)
                                                     bcochran@rgrdlaw.com
                                                     DebraW@rgrdlaw.com

                                                     ROBBINS GELLER RUDMAN
                                                       & DOWD LLP
                                                     SAMUEL H. RUDMAN (admitted *pro hac vice*)
                                                     58 South Service Road, Suite 200
                                                     Melville, NY  11747
                                                     Telephone:  631/367-7100
                                                     631/367-1173 (fax)
                                                     srudman@rgrdlaw.com

                                                     Lead Counsel for Lead Plaintiff

                                                     MONTELEONE LAW OFFICES, P.L.L.C.
                                                     JASON R.N. MONTELEONE
                                                     JACOB D. BOTTARI
                                                     350 North Ninth Street, Suite 500
                                                     Boise, ID  83702
                                                     Telephone:  208/331-2100
                                                     208/947-2424 (fax)
                                                     jason@treasurevalleylawyers.com
                                                     jake@treasurevalleylawyers.com

                                                     Local Counsel

- 13 -

4875-2535-8972.v1

- 14 -

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD (admitted *pro hac vice*)
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
mvanoverbeke@vmtlaw.com
tmichaud@vmtlaw.com

Additional Counsel

4875-2535-8972.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 29, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DEBRA J. WYMAN
DEBRA J. WYMAN

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  DebraW@rgrdlaw.com

4875-2535-8972.v1

**Mailing Information for a Case 1:23-cv-00181-BLW City of Warren General Employees' System v. Teleperformance SE et al**

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jacob Duilio Bottari**
  jake@treasurevalleylawyers.com

- **Brian Cochran**
  bcochran@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Michele D. Johnson**
  michele.johnson@lw.com,michele-johnson-7426@ecf.pacerpro.com

- **Thomas C Michaud**
  tmichaud@vmtlaw.com

- **Jason R N Monteleone**
  jason@treasurevalleylawyers.com,rumana@treasurevalleylawyers.com,jake@treasurevalleylawyers.com,cara@treasurevalleylawyers.com

- **Samuel H Rudman**
  srudman@rgrdlaw.com,e_file_NY@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Colleen C. Smith**
  colleen.smith@lw.com,colleen-c-smith-7786@ecf.pacerpro.com

- **Christopher S. Turner**
  christopher.turner@lw.com,christopher-turner-6162@ecf.pacerpro.com

- **Elijah Martin Watkins**
  elijah.watkins@stoel.com,docketclerk@stoel.com,hillary.bibb@stoel.com,kelly.tonkin@stoel.com,tracy.horan@stoel.com,karissa.armbrust@stoel.com,emina.hasanovi

- **Debra Jean Wyman**
  debraw@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)