STOEL RIVES LLP
  Elijah M. Watkins (ISB No. 8897)
  *elijah.watkins@stoel.com*
  101 South Capitol Boulevard, Suite 1900
  Boise, Idaho 83702
  Tel.: + 1.208.387.4275

LATHAM & WATKINS LLP
  Michele D. Johnson (*Pro Hac Vice*)
  *michele.johnson@lw.com*
  650 Town Center Drive, 20th Floor
  Costa Mesa, California 92626
  Tel.: +1.714.540.1235

  Colleen C. Smith (*Pro Hac Vice*)
  *colleen.smith@lw.com*
  12670 High Bluff Drive
  San Diego, California 92130
  Tel.: +1.858.523.5400

  Christopher Turner (*Pro Hac Vice*)
  *christopher.turner@lw.com*
  555 Eleventh Street, NW #1000
  Washington, D.C. 20004-1304
  Tel.: +1.202.637.2200

*Attorneys for Defendants Teleperformance SE,*
*Daniel Julien, Olivier Rigaudy, and Akash Pugalia*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CITY OF WARREN GENERAL EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TELEPERFORMANCE SE, DANIEL JULIEN, OLIVIER RIGAUDY, and AKASH PUGALIA,<br><br>Defendants. | CASE NO. 1:23-cv-00181-BLW<br><br>*Before the Honorable B. Lynn Winmill*<br><br>**REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE [DKT. 26]** |

## TABLE OF CONTENTS

I.       INTRODUCTION ...................................................................................................................1

II.      ARGUMENT.........................................................................................................................2

         A.      The *Jones* Factors Favor Transfer............................................................................ 2

                 1.       Plaintiffs Concede Key Factors Favoring Transfer
                          (*Jones* 4, 6)................................................................................................... 2

                 2.       Plaintiffs' Choice of Forum Is Afforded Minimal
                          Deference (*Jones* 3) ..................................................................................... 3

                 3.       Plaintiffs Fail to Show Meaningful Ties to the Claims
                          (*Jones* 5)....................................................................................................... 5

                 4.       Access to Evidence Also Favors Transfer (*Jones* 7, 8) ............................. 7

         B.      Transfer to the Southern District of Florida Is in the Interests of
                 Justice...................................................................................................................... 9

III.     CONCLUSION....................................................................................................................10

CASE NO. 1:23-cv-00181-BLW
REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER VENUE

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Bride v. Snap Inc.*,
2021 WL 3493662 (N.D. Cal. Aug. 9, 2021) ...............................................................................4

*City of N. Mia. Beach Police Officers' & Firefighters' Ret. Plan v. National Gen.*
*Holdings Corp.*,
2019 WL 7900030 (C.D. Cal. Nov. 19, 2019)...........................................................................5

*Doshi v. General Cable Corp.*,
2014 WL 12774226 (S.D.N.Y. Feb. 5, 2014)............................................................................3

*Fizer v. ThyssenKrupp Elevator*,
2011 WL 6370028 (D. Idaho Dec. 19, 2011) ...........................................................................4

*Gadbois v. PHI Health, LLC*,
2023 WL 4491726, (C.D. Cal. July 12, 2023).......................................................................6, 7

*Goff v. Nationwide Mut. Ins. Co.*,
2018 WL 6003578 (C.D. Cal. Apr. 5, 2018) ............................................................................4

*In re AtheroGenics Sec. Litig.*,
2006 WL 851708 (S.D.N.Y. Mar. 31, 2006) ............................................................................4

*In re Yahoo! Inc.*,
2008 WL 707405 (C.D. Cal. Mar. 10, 2008)....................................................................5, 8, 9

*Ironworkers Loc. Union No. 68 & Participating Emps. Health & Welfare Fund v.*
*Amgen, Inc.*,
2008 WL 312309 (C.D. Cal. Jan. 22, 2008) .............................................................................3

*Jovel v. i-Health, Inc.*,
2012 WL 5470057 (C.D. Cal. Nov. 8, 2012).............................................................................6

*Lou v. Belzberg*,
834 F.2d 730 (9th Cir. 1987) ................................................................................................4, 5

*Luna v. Wal-Mart Transp., LLC*,
2018 WL 3569357 (C.D. Cal. July 11, 2018)...........................................................................3

*Marshall v. Monster Beverage Corp.*,
2014 WL 3870290 (N.D. Cal. Aug. 6, 2014) ...........................................................................9

*Maxon v. Jefferson Pilot Sec. Corp.*,
2002 WL 523575 (N.D. Cal. Apr. 2, 2002) ..............................................................................8

*Rodgers v. Color St. LLC*,
  2023 WL 4627909 (D. Idaho July 19, 2023) ...............................................................................10

*Saleh v. Titan Corp.*,
  361 F. Supp. 2d 1152 (S.D. Cal. 2005)........................................................................................8

*Sanders v. University of Idaho, Coll. of Law*,
  2022 WL 17668674, (D. Idaho Dec. 14, 2022) .........................................................................3

*Shore to Shore Props., LLC v. Allied World Assurance*,
  2011 WL 4344177 (N.D. Cal. Sept. 15, 2011) ...........................................................................9

*Tran v. Third Ave. Mgmt. LLC*,
  2016 WL 6828217 (C.D. Cal. Apr. 12, 2016) .........................................................................7, 8

*United States ex rel. Brooks v. Stevens-Henager College, Inc.*,
  2015 WL 758988 (D. Idaho Feb. 23, 2015)................................................................................7

*Williams v. Bowman*,
  157 F. Supp. 2d 1103 (N.D. Cal. 2001) ..................................................................................4, 8

## STATUTES

28 U.S.C. § 1404(a) ...................................................................................................................1, 10

## RULES

Fed. R. Civ. P. 45.........................................................................................................................8

Defendants Teleperformance SE ("Teleperformance" or the "Company"), Daniel Julien, Olivier Rigaudy, and Akash Pugalia (the "Individual Defendants") (collectively, "Defendants") respectfully submit this Reply Memorandum in support of their Motion to Transfer Venue to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

## I.   INTRODUCTION

Plaintiffs' Opposition to Defendants' Motion to Transfer Venue (ECF No. 29, "Opposition" or "Opp.") reads as though Plaintiffs are Idaho-based content moderators asserting tort claims against an Idaho company and its Idaho executives based on conditions faced in their Idaho employment.  While that hypothetical case might belong in this Court, it isn't this case.

This case was filed by two *Michigan-based* retirement funds.  They assert claims of securities fraud on behalf of purchasers or acquirers of Teleperformance American Depositary Receipts *across the United States*.  Plaintiffs do not identify any putative class members in Idaho. Plaintiffs assert claims against a French multinational corporation with hundreds of thousands of employees and three of its executives, all of whom reside outside of Idaho and none of whom have ever conducted business in Idaho.  The claims are premised on statements about Teleperformance's worldwide company practices made outside of Idaho.

The relevant *Jones* factors instruct that this case does not belong in this Court.  To start, Plaintiffs ignore two *Jones* factors entirely.  Unsurprisingly, these factors—*Jones* 4 (the parties' contacts with the forum) and *Jones* 6 (litigation costs)—unequivocally favor transfer to the Southern District of Florida.

So Plaintiffs focus their attention on *Jones* 3 (plaintiffs' choice of forum) and *Jones* 5 (contacts relating to the cause of action).  But Plaintiffs' first choice of forum carries no real weight when Plaintiffs in a nationwide class action opportunistically select a forum in which none of the parties are located.  And Plaintiffs do not establish any compelling contacts with the forum;

the mere fact that one of Teleperformance's hundreds of offices was in Boise, does not justify keeping in Idaho an investor action predicated on statements made and practices developed elsewhere.

Plaintiffs also touch on the *Jones* factors regarding access to evidence—*Jones* 7 (availability of compulsory process) and *Jones* 8 (ease of access to evidence)—by asserting that transfer "merely acts to shift the inconvenience to Plaintiffs and non-party witnesses," Opp. at 8 (citations omitted).  But they do not and cannot explain how Plaintiffs, who are themselves located closer to Florida than Idaho, are inconvenienced.  Nor do they identify a single non-party witness who will be unavailable for or inconvenienced by suit in Florida.

Plaintiffs' Opposition arguments only reinforce that the interests of justice favor transfer to the Southern District of Florida.  This case is not about Teleperformance's conduct in Idaho, but rather the alleged misrepresentations made *outside* of Idaho regarding Teleperformance's content moderation operations *outside* of Idaho.  Teleperformance has a far greater presence in Florida than in Idaho.  Further, Florida undoubtedly has an interest in deciding an action where decisions underlying the challenged statements were made.  And the burden on courts in this District substantially exceeds the burden facing courts in the Southern District of Florida. Discretionary transfer of venue is proper.

## II.     ARGUMENT

### A.      The *Jones* Factors Favor Transfer

#### 1.      Plaintiffs Concede Key Factors Favoring Transfer (*Jones* 4, 6)

Plaintiffs fail to address *Jones* 4 (the parties' contacts with the forum) and *Jones* 6 (litigation costs)—presumably because both factors indisputably favor transfer to the Southern District of Florida.  First, Plaintiffs concede that they have no contacts to Idaho and entirely ignore the fact that Teleperformance's ties to Florida are markedly stronger than its ties to Idaho (*Jones*

4).  Indeed, Teleperformance has more offices in the Southern District of Florida than in any other judicial district, and nearly three times the number of employees than in Idaho.  Decl. of Sonia Cheurfa (ECF No. 26-2, "Cheurfa Decl.") ¶¶ 5, 7.  Second, Plaintiffs fail to address litigation costs (*Jones* 6), and instead argue that Defendants will have to travel internationally regardless of which District this case is in.  Opp. at 11.  Maybe so.  But not all international travel is equal, and Plaintiffs concede that the Southern District of Florida is geographically closer to both parties and transfer will therefore reduce travel time and expenses.  Defs.' Mem. in Supp. of Mot. to Transfer (ECF No. 26-1, "Mot.") at 9.  This likewise favors transfer.  *See Sanders v. University of Idaho, Coll. of Law*, 2022 WL 17668674, slip op. at *5 (D. Idaho Dec. 14, 2022) (Winmill, J.) (transferring case, in part, because non-transfer would "require[] every single witness, the parties, and their counsel to travel and incur the related expenses[]").

Plaintiffs likewise ignore *Jones* 1 (the location where the relevant agreements were negotiated and executed) and *Jones* 2 (the state that is most familiar with the governing law), both of which are neutral and largely inapplicable given that there are no agreements at issue and the relevant claims are governed by federal law, *see Doshi v. General Cable Corp.*, 2014 WL 12774226, at *4 (S.D.N.Y. Feb. 5, 2014), respectively.

### 2.  Plaintiffs' Choice of Forum Is Afforded Minimal Deference (*Jones* 3)

Plaintiffs lean heavily on their choice of forum (*Jones* 3) as one of the reasons that the motion to transfer should be denied.  Opp. at 2, 8-10.  That is hardly surprising as it is the only *Jones* factor that remotely disfavors transfer.  But because Plaintiffs filed this suit as "'representative[s] of a putative national class[,]'" their choice of forum is entitled only to "limited" deference.  Mot. at 7-8 (quoting *Luna v. Wal-Mart Transp., LLC*, 2018 WL 3569357, at *5 (C.D. Cal. July 11, 2018)); *see also Ironworkers Loc. Union No. 68 & Participating Emps. Health & Welfare Fund v. Amgen, Inc.*, 2008 WL 312309, at *4 (C.D. Cal. Jan. 22, 2008) (citing

*Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight[]") (citations omitted); *Goff v. Nationwide Mut. Ins. Co.*, 2018 WL 6003578, at *4 (C.D. Cal. Apr. 5, 2018) (same).  Plaintiffs also argue that Defendants have not met their burden of showing that transfer to the Southern District of Florida is appropriate.  Opp. at 4.  While Defendants do not dispute that the burden lies with the moving party, the "'degree to which courts defer to the plaintiff's chosen venue is substantially reduced where[, like here,] the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint.'"  *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citation omitted).  This is particularly true in stockholder class actions, such as here, where the suit can be filed by any stockholder.  *In re AtheroGenics Sec. Litig.*, 2006 WL 851708, at *3 (S.D.N.Y. Mar. 31, 2006).

In an attempt to persuade the Court otherwise, Plaintiffs suggest that their "first choice" of forum is entitled to deference because Teleperformance has ties to this District.  Opp. at 2, 9.  But filing "on the ground that defendants do business here generally, . . . erodes any deference that might otherwise be afforded to plaintiffs' decision to file here."  *Bride v. Snap Inc.*, 2021 WL 3493662, at *2 (N.D. Cal. Aug. 9, 2021).  Plaintiffs' choice to file in the District of Idaho appears to be a thinly-veiled attempt at forum shopping, further undermining the weight of this factor.  *See Williams*, 157 F. Supp. 2d at 1106 ("any indication that plaintiff's choice of forum is the result of forum shopping . . . will be accorded little deference") (citation omitted).  And because "[P]laintiff[s] [are] a nonresident of the chosen forum," their "choice of forum . . . is given less weight."  *Fizer v. ThyssenKrupp Elevator*, 2011 WL 6370028, at *2 (D. Idaho Dec. 19, 2011) (Winmill, J.) (internal quotation marks and citation omitted); *see also Bride*, 2021 WL 3493662, at *2 (plaintiff's choice of forum is "given less weight in class action cases and in cases where a plaintiff does not reside in the forum") (citation omitted).

Finally, Plaintiffs suggest that deference should be afforded to their choice of forum because their claims include underlying events alleged to have "occurred in this District." Opp. at 8-9. But the operative facts at issue in this securities class action are the statements made by Teleperformance and its executives—*none of which were made in Idaho*, and Plaintiffs' assertions notwithstanding, the Teleperformance practices they contend rendered those statements false were developed and largely performed outside of Idaho. *See infra* Section II.A.3.; *see also* Cheurfa Decl. ¶¶ 10-12; Compl. ¶¶19-20 (ECF No. 1).[1] Plaintiffs' choice of forum is therefore entitled to little, if any, deference.

### 3. Plaintiffs Fail to Show Meaningful Ties to the Claims (*Jones* 5)

Plaintiffs argue that *Jones* 5 favors keeping this case in this Court because the "crux" of the challenged conduct took place in Idaho. Opp. at 8. Not so.

First, the challenged conduct at issue is the "alleged misstatements and omissions [that] are [at] the heart of th[is] action." *City of N. Mia. Beach Police Officers' & Firefighters' Ret. Plan v. National Gen. Holdings Corp.*, 2019 WL 7900030, at *3 (C.D. Cal. Nov. 19, 2019); *see also In re Yahoo! Inc.*, 2008 WL 707405, at *9 (C.D. Cal. Mar. 10, 2008) ("this case turns on the allegedly false public statements and the decisions made by Yahoo!'s senior management[]"). Plaintiffs concede, as they must, that these statements—the actual "crux" of this case—were neither conceived nor made in Idaho. Opp. at 4.

---

[1] Plaintiffs mischaracterize *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Opp. at 9-10. In *Lou*, like here, the court reasoned that if "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, Lou's choice is entitled to only minimal consideration." *Id.* (citation omitted). Indeed, Plaintiffs' characterization of the "operative facts" might be relevant if this were an employment action brought by Idaho-based employees, rather than the securities class action they have brought against the Company and non-resident executives.

Second, to the extent that Plaintiffs contend their claims rest on Teleperformance's policies and practices regarding content moderation, Opp. at 5-7, those policies and practices were developed outside of Idaho. *See* Cheurfa Decl. ¶ 4.

Third, Plaintiffs' suggestion that Teleperformance has 900 Idaho-based employees providing "services at the center of Plaintiffs' allegations[,]" Opp. at 7, is both unsupported and inaccurate. For starters, only a subset of Teleperformance's Idaho-based employees provide content moderation services; others work on advertisements, monetization, and other methods of monitoring accounts entirely unrelated to Plaintiffs' allegations. Additionally, the majority of Teleperformance's employees performing content moderation services are located *outside* of the United States, with the largest number located in the Republic of Colombia. Cheurfa Decl. ¶ 8.

Accordingly, Plaintiffs' cited authorities do not counsel in favor of keeping this case in Idaho. For example, in *Jovel v. i-Health, Inc.*, Opp. at 8—a California consumer class action lawsuit—the court actually granted the motion to transfer and found that "the crux of the case lies not in [plaintiff's] act of purchasing the product in Los Angeles, but instead in [] the alleged misrepresentations, which she would have perceived in identical form in any state." 2012 WL 5470057, at *6 (C.D. Cal. Nov. 8, 2012). So too here, "the crux of the case"—statements pertaining to Teleperformance's commitment to corporate and social responsibility, employee well-being, and other key company priorities regarding content moderation services, Mot. at 7— would have been "perceived in identical form in any state" or nation, and does not support Plaintiffs' desire to keep this case in Idaho. *Jovel*, 2012 WL 5470057, at *6. Likewise, Plaintiffs' reliance on *Gadbois v. PHI Health, LLC*, Opp. at 8, for the proposition that this District's interest is stronger because the events at issue allegedly took place here is misplaced. *Gadbois*, 2023 WL 4491726, slip op. (C.D. Cal. July 12, 2023). In *Gadbois*—a case involving allegations of breach of contract, discrimination, retaliation, and wrongful termination—the court also granted the

CASE NO. 1:23-cv-00181-BLW
REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER VENUE

motion to transfer, finding that because the "operative facts did not occur in California," but rather in Mississippi where plaintiff was previously employed, plaintiff's choice of forum "[wa]s entitled only minimal deference." *Id.* at *6. Here too the operative facts did not occur where Plaintiffs filed suit, weighing in favor of transfer.

Plaintiffs' cite to *United States ex rel. Brooks v. Stevens-Henager College, Inc.*, Opp. at 7—a case in which the plaintiff asserted violations of the False Claims Act—further underscores why this case does not belong here. *See* 2015 WL 758988, at *4 (D. Idaho Feb. 23, 2015) (Winmill, J.). In *Brooks*, this Court aptly noted that "to pinpoint the location of the alleged fraud, it is . . . useful to ask basic questions about various aspects of defendants' business that are at issue in this case," including, for instance, "[w]here the [business] is located[]" and "[w]hich [businesses] employed the greatest number of . . . consultants[.]" *Id.* Here, like in *Brooks*, Defendants have presented evidence demonstrating that they conduct a far greater portion of their business in the Southern District of Florida than in Idaho. *See id.* (granting defendants' motion to transfer reasoning that "the Court is ultimately not persuaded by [plaintiffs'] argument that 'Idaho has at least as strong a connection to the underlying claims as Utah[]'") (citation omitted); *see also* Cheurfa Decl. ¶¶ 5, 7.

### 4.   Access to Evidence Also Favors Transfer (*Jones* 7, 8)

Though they do not directly address *Jones* 7 (availability of compulsory process) or *Jones* 8 (ease of access to evidence), Plaintiffs summarily assert that if the case is transferred, they will be unable to compel trial testimony by non-party witnesses who have "critical evidence" concerning information about Teleperformance's practices and impact on content moderators. Opp. at 11. But Plaintiffs offer nothing more than speculation about where unnamed non-party witnesses may be located, *see id.*, and they "have not identified a single witness who will be inconvenienced if transfer . . . is granted." *Tran v. Third Ave. Mgmt. LLC*, 2016 WL 6828217, at

*4, 6 (C.D. Cal. Apr. 12, 2016) (granting motion to transfer); *see also In re Yahoo!*, 2008 WL 707405, at *4 (concluding that the location of unidentified former employees who plaintiffs argued may offer relevant testimony was "of no consequence"); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1166 (S.D. Cal. 2005) (declining to consider the convenience of potential witnesses where the plaintiffs did not identify those individuals or specify how they might provide important testimony).  Nor would Plaintiffs suffer any prejudice on this point; they can compel testimony from non-party witnesses through the subpoena power and, if those witnesses are unavailable, use recorded testimony at trial.  *See* Fed. R. Civ. P. 45.

Plaintiffs also have no answer for the fact that "the convenience of the witnesses favors defendants[]" where the Plaintiffs' supposed "witnesses in this [D]istrict . . . are not as important to the litigation as the witnesses [defendant] identifies in the [transferee] District." *Williams*, 157 F. Supp. at 1109, 1110 (granting transfer of venue to transferee district explaining that defendants "will testify about the merits of the case").  It is beyond dispute that the parties to the case are the key witnesses, and here, the individuals Plaintiffs deem responsible for the challenged statements—the Individual Defendants—do not reside or conduct business in Idaho.  *See Maxon v. Jefferson Pilot Sec. Corp.*, 2002 WL 523575, at *3 (N.D. Cal. Apr. 2, 2002) (finding, in a fraud case, that the "relevant witnesses" are located where defendant operates its business).  Plaintiffs cannot, on the one hand, admit that "Defendants have superior knowledge, and access, to information," Opp. at 10, regarding key witnesses and then eschew or ignore the import of the facts Defendants provide simply because they strongly favor transfer.  *See Tran*, 2016 WL 6828217, at *4 (the convenience of the witnesses, including "employees of the[] [d]efendants, . . . presumably the most knowledgeable" about the claims at issue, weighed in favor of transfer).  And while Plaintiffs argue that Defendants did not identify any other potential witnesses in Florida, Opp. at 11, that is wrong.  Defendants specifically identified Teleperformance Chief Operating

Officer Agustin Grisanti, who works out of the corporate office in Miami and has pertinent knowledge regarding the challenged statements.  Mot. at 2; Cheurfa Decl. ¶ 4.  If the case proceeds past a motion to dismiss, Plaintiffs presumably will seek his documents, along with those of other Teleperformance senior executives who work out of its Miami offices.

### B.      Transfer to the Southern District of Florida Is in the Interests of Justice

Plaintiffs' Opposition reinforces that the interests of justice favor transfer.  This case is not about Teleperformance's conduct in Idaho, but rather alleged misrepresentations made *outside* of Idaho regarding Teleperformance's global content moderation operations *outside* of Idaho.  Florida has a stronger interest in deciding an action involving Teleperformance and its executives, given the Company's much larger footprint in Florida than in Idaho.  And Florida has an even stronger interest in this action, as decisions related to the challenged statements— Teleperformance's content moderation services—were made in Florida.  *See, e.g.*, *In re Yahoo!*, 2008 WL 707405, at *9 (location of "the decisions made by Yahoo!'s senior management[]" favored transfer based on the interests of justice).

Plaintiffs attempt to muddy the waters with respect to this Court's caseload by relying on Weighted Filings, Opp. at 12, but this effort fails, as "[t]he key inquiry in docket congestion is whether a trial may be speedier in another court because of its less crowded docket." *Marshall v. Monster Beverage Corp.*, 2014 WL 3870290, at *3 (N.D. Cal. Aug. 6, 2014) (internal quotation marks and citation omitted) (finding the median time from filing to trial favored transfer).  "To measure congestion, courts compare the two fora's median time from filing to disposition or trial." *Shore to Shore Props., LLC v. Allied World Assurance*, 2011 WL 4344177, at *6 (N.D. Cal. Sept. 15, 2011) (internal quotation marks and citation omitted) (finding the number of pending cases and median time from filing to trial favored transfer).  The median time from filing an action to trial in civil cases in the District of Idaho is 35.7 months compared to 24.0 months in the Southern

District of Florida, and the median time between filing of an action to disposition in civil cases in the District of Idaho is 11.7 months, compared to a range of 3.0 to 4.1 months in the Southern District of Florida.[2]  Because "Idaho's federal docket is stacked, and the Court still expects delays in issuing decisions[,]" this case should be transferred in the interest of justice to avoid adding to an already crowded docket of cases that require adjudication in this District.  *Rodgers v. Color St. LLC*, 2023 WL 4627909, at *8 (D. Idaho July 19, 2023).

Plaintiffs' analysis is further misleading because Weighted Filings do not account for the far greater number of senior and magistrate judges in the Southern District of Florida (26 total senior and active judges, and 17 magistrate judges), relative to the District of Idaho (3 total senior and active judges, and 3 magistrate judges).[3]

## III.   CONCLUSION

Defendants respectfully request that the Court exercise its discretion to transfer this case to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

---

[2] U.S. District Courts — Judicial Caseload Profile at 71 & 92 (Period Ending June 30, 2023), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2023.pdf   (last visited Sept. 8, 2023).

[3] *Compare* U.S. District Court — Southern District of Florida, District Judges, https://www.flsd.uscourts.gov/district-judges *and* Magistrate Judges, https://www.flsd.uscourts.gov/magistrate-judges (last visited Sept. 8, 2023), *with* U.S. District Court — District of Idaho, Federal Judges, https://www.id.uscourts.gov/clerks/bench_bar_conf/Federal_Judges.cfm (last visited Sept. 8, 2023).

DATED:  September 8, 2023

Respectfully submitted,

LATHAM & WATKINS LLP


By: */s/ Colleen C. Smith*
    Colleen C. Smith (*Pro Hac Vice*)
    colleen.smith@lw.com
    12670 High Bluff Drive
    San Diego, California 92130
    Tel.: +1.858.523.5400

    Michele D. Johnson (*Pro Hac Vice*)
    michele.johnson@lw.com
    650 Town Center Drive, 20th Floor
    Costa Mesa, California 92626
    Tel.: +1.714.540.1235

    Christopher Turner (*Pro Hac Vice*)
    christopher.turner@lw.com
    555 Eleventh Street, NW #1000
    Washington, D.C. 20004-1304
    Tel.: +1.202.637.2200


STOEL RIVES LLP


By:
    Elijah M. Watkins (ISB No. 8897)
    elijah.watkins@stoel.com
    101 South Capitol Boulevard, Suite 1900
    Boise, Idaho 83702
    Tel.: + 1.208.387.4275

*Attorneys for Defendants Teleperformance SE,*
*Daniel Julien, Olivier Rigaudy, and Akash Pugalia*