**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 23-cv-24580-CIV-ALTONAGA/Reid**

**CITY OF WARREN GENERAL**
**EMPLOYEES' RETIREMENT SYSTEM**,
on behalf of itself and all others similarly
situated,

      Plaintiff,

v.

**TELEPERFORMANCE SE**, *et al.*,

      Defendants.

_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

| | |
|---|---|
| **LASH GOLDBERG** | **LATHAM & WATKINS LLP** |
| Martin B. Goldberg | Michele D. Johnson (admitted *pro hac vice*) |
| Benjamin R. Shiekman | 650 Town Center Drive, 20th Floor |
| Miami Tower, Suite 1200 | Costa Mesa, CA 92626 |
| 100 S.E. Second Street | Tel:    (714) 540-1235 |
| Miami, Florida 33131 | Email: *michele.johnson@lw.com* |
| Tel:    (305) 347-4040 | |
| Email: *mgoldberg@lashgoldberg.com* | **LATHAM & WATKINS LLP** |
|       *bshiekman@lashgoldberg.com* | Colleen C. Smith (admitted *pro hac vice*) |
| | 12670 High Bluff Drive |
| | San Diego, CA 92130 |
| | Tel:    (858) 523-5400 |
| | Email: *colleen.smith@lw.com* |
| | |
| | **LATHAM & WATKINS LLP** |
| | Christopher S. Turner (admitted *pro hac vice*) |
| | Donald Lee Thompson |
| | 555 Eleventh Street, NW, Suite 1000 |
| | Washington, DC 20004 |
| | Tel:    (202) 637-2200 |
| | Email: *christopher.turner@lw.com* |
| |       *donald.thompson@lw.com* |

*Attorneys for Defendants Teleperformance SE,*
*Daniel Julien, Akash Pugalia, and Olivier Rigaudy*

Defendants Teleperformance SE ("Teleperformance" or the "Company"), Daniel Julien, Akash Pugalia, and Olivier Rigaudy (the "Individual Defendants" and collectively with Teleperformance, "Defendants"), by and through their undersigned counsel, respectfully submit Defendants' Answer and Affirmative Defenses to the Plaintiffs' Second Amended Class Action Complaint (the "Answer").

Except as otherwise expressly stated herein, Defendants: (1) generally deny each and every allegation in the Second Amended Complaint, including, without limitation, any allegations in the introduction, headings, subheadings, unnumbered Paragraphs, and footnotes; (2) specifically deny that they have caused Lead Plaintiffs City of Warren General Employees' Retirement System and City of Westland Police and Fire Retirement System (collectively, "Plaintiffs") to suffer any harm, losses, or damages; (3) deny any liability to Plaintiffs; and (4) decline to adopt or acknowledge as accurate any defined terms in the Second Amended Complaint to the extent they constitute allegations directed at Defendants. By responding to any allegation in the Second Amended Complaint, Defendants do not admit that such allegation is relevant to Plaintiffs' claims or is an appropriate subject of discovery. Defendants reserve the right to challenge the authenticity of all sources and documents referred to or purportedly quoted from in the Second Amended Complaint, and to assert that any of the sources or documents referred to or purportedly quoted from by Plaintiffs in the Second Amended Complaint are covered by the attorney-client privilege, the work-product doctrine, and/or otherwise applicable privileges. Defendants reserve the right to seek to amend or supplement this Answer as may be necessary or appropriate.

Paragraph numbers in this Answer correspond and respond to the allegations in the numbered paragraphs of the Second Amended Complaint. To the extent allegations in a numbered paragraph of the Second Amended Complaint purport to cite to, refer to, or characterize allegations in other paragraphs of the Second Amended Complaint, Defendants incorporate and reassert their response to each such paragraph as if set forth fully therein. The Second Amended Complaint includes prefatory materials, including a "Table of Contents" and headings and sub-headings. Such information is not presented in the form of allegations that must be answered, and to the extent that such information may be interpreted as allegations, Defendants deny them.

With respect to specific paragraphs of the Second Amended Complaint, Defendants respond on information and belief as follows:

1

**SPECIFIC RESPONSES**

**I.     INTRODUCTION**

1.      The allegations in Paragraph 1 consist of characterizations of Plaintiffs' claims in this action to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 1.

**II.    JURISDICTION AND VENUE**

2.      The allegations in Paragraph 2 consist of characterizations of Plaintiffs' claims in this action to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3.      Defendants admit that Teleperformance-affiliated companies maintain offices in this District and that a Teleperformance subsidiary is headquartered in this District.  The remaining allegations in Paragraph 3 constitute characterizations of Plaintiffs' claims in this action and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 3.

4.      The allegations in Paragraph 4 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 4.

**III.   PARTIES**

5.      Defendants lack knowledge or information sufficient to form a belief as to Lead Plaintiff City of Warren General Employees' Retirement System's purchase of unsponsored ADRs representing shares in Teleperformance and on that basis deny the allegations in Paragraph 5. Defendants admit that the allegations in Footnote 1 purport to characterize Investopedia's publicly available website and respectfully refer the Court to that public website for its complete and accurate content.  The content of the website speaks for itself, and Defendants deny any allegation that mischaracterizes its terms.  Defendants deny the remaining allegations in Footnote 1.

6.      Defendants lack knowledge or information sufficient to form a belief as to Lead Plaintiff City of Westland Police and Fire Retirement System's purchase of unsponsored ADRs representing shares in Teleperformance and on that basis deny the allegations in Paragraph 6.

7.      Defendants admit that Teleperformance provides outsourced omnichannel customer experience management services and related digital services through its subsidiaries. Defendants further admit that Teleperformance is headquartered in Paris, France.  Defendants further admit that Teleperformance's subsidiaries have sites in the United States, including in El

2

Paso, Texas, and around the globe.  Defendants further admit that Teleperformance's subsidiary employs over 42,000 employees in Colombia.  Defendants admit the fourth sentence of Paragraph 7.  Defendants admit that, as of December 2022, Teleperformance had approximately 59 million shares outstanding.  Defendants deny the remaining allegations in Paragraph 7.

8.     Defendants admit that:  (1) Daniel Julien founded Teleperformance in 1978; (2) Daniel Julien served as Chairman of the Management Board of the Company and then Chairman and CEO from May 2011 to May 2013; (3) as a result of a change in governance structure, Daniel Julien served as the Group executive Chairman from May 2013 to October 2017; (4) from October 2017 to August 2024, Daniel Julien served as Chairman and Chief Executive Officer of Teleperformance; and (5) since August 2024, Daniel Julien serves as CEO of Teleperformance.  Defendants deny the remaining allegations in Paragraph 8.

9.     Defendants admit that Akash Pugalia was the Global President of Trust & Safety at Teleperformance between July 2020 and July 2023.  Defendants admit the allegations in the second sentence of Paragraph 9.  Defendants deny the remaining allegations in Paragraph 9.

10.    Defendants admit that:  (1) Olivier Rigaudy joined Teleperformance in February 2010 as the Group Chief Financial Officer; (2) Rigaudy began his career in the audit department of KPMG; (3) Rigaudy was appointed as the Deputy Chief Executive Officer of Teleperformance in October 2017; (4) Rigaudy was confirmed as the Deputy Chief Executive Officer in charge of finances in August 2024; and (5) Rigaudy holds directorships in subsidiaries of Teleperformance.  Defendants deny the remaining allegations in Paragraph 10.

11.    The allegations in the first sentence of Paragraph 11 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 11.  Defendants deny the remaining allegations in Paragraph 11 to the extent they purport to assert that there is a basis in fact or law for Plaintiffs' claims.

## IV.    FRAUDULENT SCHEME AND COURSE OF BUSINESS

12.    Defendants deny the allegations in Paragraph 12.

## V.    SUBSTANTIVE ALLEGATIONS

13.    Defendants admit that Teleperformance's subsidiaries provide omnichannel customer experience management services and related digital services and the other business services described in Paragraph 14.  Defendants further admit that Teleperformance is

3

headquartered in Paris, France and Teleperformance's shares trade on the Paris Stock Exchange under the ticker symbol TEP.PA.  Defendants further admit that unsponsored ADRs representing shares in Teleperformance are sold on OTC markets under the ticker symbol TLPFY.  Defendants deny the remaining allegations in Paragraph 13.

14.     Defendants admit that during the Class Period, Defendants made disclosures regarding Teleperformance's content moderation services, workplace environment, and employee wellbeing practices.  To the extent the allegations in Paragraph 14 mischaracterize Defendants' disclosures, no response is required, and on that basis, Defendants deny the allegations in Paragraph 14.  Defendants deny the remaining allegations in Paragraph 14.

15.     Defendants deny the allegations in Paragraph 15.

16.     Defendants admit that at all relevant times, Teleperformance prioritized Corporate Social Responsibility and Environmental, Social, and Governance issues.  To the extent Plaintiffs' allegations mischaracterize Teleperformance's priorities, no response is required, and on that basis, Defendants deny the allegations in Paragraph 16.  Defendants deny the remaining allegations in Paragraph 16.

17.     Defendants admit that Teleperformance's CSR Committee was formed in January 2021.  To the extent Plaintiffs' allegations mischaracterize Teleperformance's CSR commitments or public filings, no response is required, and on that basis, Defendants deny the allegations in Paragraph 17.  Defendants deny the remaining allegations in Paragraph 17.

18.     Defendants admit that part of Teleperformance's CSR commitments relate to employee wellbeing and that Teleperformance received numerous "Best Place to Work" certifications during the Class Period.  To the extent Plaintiffs' allegations mischaracterize Teleperformance's CSR commitments, certifications, or public disclosures, no response is required, and on that basis, Defendants deny the allegations in Paragraph 18.  Defendants deny the remaining allegations in Paragraph 18.

19.     Defendants admit that part of Teleperformance's CSR commitments relate to employee wellbeing and that Teleperformance received numerous "Best Place to Work" certifications during the Class Period.  Plaintiffs' allegations refer to press releases, which are public and speak for themselves, and public conference calls, the transcripts of which speak for themselves.  To the extent Plaintiffs' allegations mischaracterize Teleperformance's CSR commitments, certifications, or press releases, no response is required, and on that basis,

4

Defendants deny the allegations in Paragraph 19. Defendants deny the remaining allegations in Paragraph 19.

20.     Defendants admit that Teleperformance's shares have been included in the CAC 40 ESG since September 2022, the Euronext Vigeo Euro 120 index since 2015, the MSCI Europe ESG Leaders index since 2019, the FTSE4Good index since 2018, and the S&P Global 1200 ESG index since 2017. Defendants lack knowledge or information sufficient to form a belief as to which factors are significant to investors and the reasons why certain stock indexes have ESG and CSR requirements, and on that basis deny those allegations. Defendants deny the remaining allegations in Paragraph 20.

21.     Defendants admit that, during the Class Period, certain Teleperformance press releases disclosed the inclusion of Teleperformance shares in certain CSR indexes. To the extent Plaintiffs' allegations mischaracterize Teleperformance's press releases, no response is required, and on that basis, Defendants deny the allegations in Paragraph 21. Defendants deny the remaining allegations in Paragraph 21.

22.     Defendants admit that on April 7, 2021, Pew Research Center published a fact sheet titled, "Social Media Fact Sheet." Defendants admit that Paragraph 22 purports to characterize that fact sheet. That fact sheet is public and speaks for itself. Defendants deny the remaining allegations in Paragraph 22.

23.     Defendants admit the allegations in the second sentence of Paragraph 23. Defendants lack knowledge or information sufficient to form a belief as to what is the most popular social media platform in the United States and on that basis deny that allegation. Defendants deny the remaining allegations in Paragraph 23.

24.     Defendants lack knowledge or information sufficient to form a belief as to "TikTok's rise" as compared to social media as a whole and on that basis deny that allegation. Defendants admit the allegations in the second and third sentences of Paragraph 24. Defendants deny the remaining allegations in Paragraph 24.

25.     Defendants admit the allegations in the first through fifth sentences of Paragraph 25. The allegations in the sixth and seventh sentence of Paragraph 25 constitute interpretations or conclusions of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the obligations, motivations, or moral or ethical positions of social media platforms and deny the allegations on

5

that basis.  Defendants deny the remaining allegations in Paragraph 25.

26.     Defendants admit that content moderation activities include reviewing user-generated content and flagging any violations of platform policies, and that this may include a "first responder" service to protect platform users.  Defendants deny the remaining allegations in Paragraph 26.

27.     Defendants admit the allegations in Paragraph 27.

28.     Defendants admit that the allegations in Paragraph 28 purport to characterize and quote from Teleperformance's Digital Day presentation dated October 17, 2019, and press releases, statements to investors, and an earnings call held on November 3, 2022, and/or other press releases, statements or calls, and respectfully refer the Court to those press releases, statements, or calls for their complete and accurate contents.  The content of those press releases, statements, or calls speak for themselves, and Defendants deny any allegation that mischaracterizes their terms.  Defendants further admit that on November 11, 2022, BoA Securities published an article titled, "Content Moderation again under scrutiny."  Defendants admit that the third sentence of Paragraph 28 purports to characterize that article.  That article is public and speaks for itself.  Defendants further admit that the Company held public conferences on November 17, 2022 and April 14, 2022, which were transcribed.  Defendants admit that transcriptions were made but lack knowledge and information sufficient to form a belief as to their accuracy and on that basis deny that the characterizations and quotations are accurate.  The transcripts speak for themselves.  To the extent the allegations misrepresent or mischaracterize any statements, Defendants deny the allegations in the fourth sentence of Paragraph 28.  Defendants further admit that on March 22, 2023, UBS published an article titled "Teleperformance Resumes full-service content moderation."  Defendants admit that the last sentence of Paragraph 28 purports to quote that article.  That article is public and speaks for itself.  Defendants deny the remaining allegations in Paragraph 28.

29.     Defendants admit that, in some Trust & Safety lines of business, content moderators review user-generated content presented to the moderators in queues on client systems that may include review of pictures, feeds, and video, and may involve tagging content that violates client policies.  Defendants lack knowledge or information sufficient to form a belief as to the alleged actions of social media platforms in Paragraph 29.  Defendants deny the remaining allegations in Paragraph 29.

6

30.     Defendants admit the allegations in the first sentence of Paragraph 30.   The allegations in the second sentence of Paragraph 30 consist of characterizations of Plaintiffs' claims in this action to which no response is required.   Defendants deny the allegations in the second sentence of Paragraph 30 to the extent they purport to assert that there is a basis in fact or law for Plaintiffs' claims.   Defendants admit that in March 2022, HFS Research, in partnership with Teleperformance, published a white paper titled, "The Content Moderation Playbook." Defendants admit that the remaining allegations in Paragraph 30 purport to quote from that white paper.   That white paper is public and speaks for itself.   Defendants deny the remaining allegations in Paragraph 30.

31.     Defendants admit that, in some Trust & Safety lines of business, content moderation may involve the tagging of material that violates client policies, which may include community standards or guidelines involving copyrighted material, gore and violent content, or CSAM.   Defendants lack knowledge or information sufficient to form a belief as to the allegations of removal of content by social media platforms in Paragraph 31.   Defendants deny the remaining allegations in Paragraph 31.

32.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 32, and on that basis deny those allegations.

33.     Defendants admit that, in some Trust & Safety lines of business, content moderators may review and tag policy violations in user-generated content that may be classified as "egregious" such as gore and violence or CSAM.   Defendants deny the allegations in the second and third sentences of Paragraph 33 to the extent they purport to assert that there is a basis in fact or law for Plaintiffs' claims.   Defendants deny the remaining allegations in Paragraph 33.

34.     Defendants admit that in March 2022, HFS Research, in partnership with Teleperformance, published a white paper titled, "The Content Moderation Playbook." Defendants admit that the allegations in Paragraph 34 purport to characterize and quote from that white paper, which is public and speaks for itself.   Defendants deny the remaining allegations in Paragraph 34.

35.     Defendants admit that in March 2022, HFS Research, in partnership with Teleperformance, published a white paper titled, "The Content Moderation Playbook." Defendants admit that the allegations in Paragraph 35 purport to characterize and quote from that white paper, which is public and speaks for itself.   Defendants deny the remaining allegations in

Paragraph 35.

36.     Defendants admit that, during the Class Period, content moderation services were a source of growth for Teleperformance.  Defendants lack knowledge or information sufficient to form a belief as to the Everest Group's research and on that basis deny those allegations. Defendants deny the remaining allegations in Paragraph 36.

37.     Defendants admit that on November 25, 2022, J.P. Morgan published a report titled, "Teleperformance: Answering some key questions on the Content Moderation business." Defendants admit that the allegations in the first and second sentences of Paragraph 37 purport to characterize and quote from that report.  That report is public and speaks for itself.  Defendants further admit that on March 27, 2023, Deutsche Bank Research published an article titled, "Discontent moderation."  Defendants admit that the allegations in the third sentence of Paragraph 37 purport to characterize and quote from that article.  That article is public and speaks for itself. Defendants further admit that the Company held public conferences on November 17, 2022 and April 14, 2022, which were transcribed.  Defendants admit that transcriptions were made but lack knowledge and information sufficient to form a belief as to their accuracy and on that basis deny that the quotations are accurate.  The transcripts speak for themselves.  To the extent the allegations misrepresent or mischaracterize any statements, Defendants deny the allegations in the last sentence of Paragraph 37.  Defendants deny the remaining allegations in Paragraph 37.

38.     Defendants admit that the allegations in Paragraph 38 purport to characterize and quote from Teleperformance's press release dated July 28, 2021, and other press releases, and respectfully refer the Court to those press releases for their complete and accurate contents.  The contents of the press releases speak for themselves, and Defendants deny any allegation that mischaracterizes their terms.  Defendants deny the remaining allegations in Paragraph 38.

39.     Defendants deny the allegations in the first sentence of Paragraph 39 to the extent they purport to assert that there is a basis in fact or law for Plaintiffs' claims.  Defendants admit that the Company held public conferences on February 25, 2021 and April 22, 2021, which were transcribed.  The transcripts speak for themselves.  To the extent the allegations misrepresent or mischaracterize any statements, Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants admit that the allegations in Paragraph 42 purport to characterize and quote from Teleperformance's 2019 Universal Registration Document and respectfully refer the Court to that document for its complete and accurate content.  The content of the document speaks for itself, and Defendants deny any allegation that mischaracterizes its terms.  Defendants deny the remaining allegations in Paragraph 42.   The allegations in Footnote 2 consist of a characterization of Plaintiffs' Second Amended Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Footnote 2.

43.     Defendants admit that the allegations in Paragraph 43 purport to characterize and quote from Teleperformance's 2020 and 2021 Universal Registration Documents and respectfully refer the Court to those documents for their complete and accurate contents.  The contents of the documents speak for themselves, and Defendants deny any allegation that mischaracterizes their terms.  Defendants deny the remaining allegations in Paragraph 43.

44.     Defendants admit that the allegations in the first sentence of Paragraph 44 purport to characterize and quote from Teleperformance's 2021 Integrated Report and respectfully refer the Court to that report for its complete and accurate content.  The content of the report speaks for itself, and Defendants deny any allegation that mischaracterizes its terms.  Defendants deny the remaining allegations in Paragraph 44.

45.     Defendants admit that the allegations in the first sentence of Paragraph 45 purport to characterize and quote from Teleperformance's Press Release dated May 25, 2022 and respectfully refer the Court to that press release for its complete and accurate content.  The content of the press release speaks for itself, and Defendants deny any allegation that mischaracterizes its terms.  Defendants deny the remaining allegations in Paragraph 45.

46.     Defendants admit that the allegations in Paragraph 46 purport to characterize and quote from Teleperformance's Press Release dated May 25, 2022 and respectfully refer the Court to that press release for its complete and accurate content.  The content of the press release speaks for itself, and Defendants deny any allegation that mischaracterizes its terms.  Defendants deny the remaining allegations in Paragraph 46.

47.     Defendants admit that on August 4, 2022, *Forbes* published an article titled, "TikTok Moderators Are Being Trained Using Graphic Images of Child Sexual Abuse." Defendants admit that Paragraph 47 purports to characterize and quote from that article.  That article is public and speaks for itself.  Defendants deny the remaining allegations in Paragraph 47.

48. Defendants admit that on August 4, 2022, *Forbes* published an article titled, "TikTok Moderators Are Being Trained Using Graphic Images of Child Sexual Abuse." Defendants admit that Paragraph 48 purports to characterize and quote from that article. That article is public and speaks for itself. Defendants deny the remaining allegations in Paragraph 48.

49. Defendants admit that on August 4, 2022, *Forbes* published an article titled, "TikTok Moderators Are Being Trained Using Graphic Images of Child Sexual Abuse." Defendants admit that Paragraph 49 purports to characterize and quote from that article. That article is public and speaks for itself. Defendants deny the remaining allegations in Paragraph 49.

50. Defendants admit that on August 4, 2022, *Forbes* published an article titled, "TikTok Moderators Are Being Trained Using Graphic Images of Child Sexual Abuse." Defendants admit that Paragraph 50 purports to characterize and quote from that article. That article is public and speaks for itself. Defendants deny the remaining allegations in Paragraph 50.

51. Defendants admit that on August 4, 2022, Forbes published an article titled, "TikTok Moderators Are Being Trained Using Graphic Images of Child Sexual Abuse." Defendants admit that Paragraph 51 purports to characterize and quote from that article. That article is public and speaks for itself. Defendants deny the remaining allegations in Paragraph 51.

52. Defendants admit that unsponsored ADRs representing shares in Teleperformance had a market price of $168.69 at market close on August 4, 2022 and $160.94 at market close on August 5, 2022. Defendants deny the remaining allegations in Paragraph 52.

53. Defendants lack knowledge or information sufficient to form a belief as to CW's testimony and on that basis deny those allegations. Defendants deny the remaining allegations in Paragraph 53.

54. Defendants admit that on August 18, 2022, Senators Marsha Blackburn and Richard Blumenthal sent a letter addressed to Daniel Julien regarding the August 4, 2022 Forbes article. Defendants admit that Paragraph 54 purports to characterize and quote from that letter. That letter is public and speaks for itself. Defendants deny the remaining allegations in Paragraph 54.

55. Defendants admit that on August 18, 2022, *Forbes* published an article titled, "TikTok Moderators' Handling Of Child Sexual Abuse Material Draws Senate Scrutiny." Defendants admit that Paragraph 55 purports to characterize and quote from that article. That article is public and speaks for itself. To the extent the allegations contained in Paragraph 55 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no

answer is required.  To the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 55.

56.     Defendants admit that on October 20, 2022, *Time* published an article titled, "Behind TikTok's Boom: A Legion of Traumatized, $10-A-Day Content Moderators." Defendants admit that Paragraph 56 purports to characterize and quote from that article.  That article is public and speaks for itself.  To the extent the allegations in Paragraph 56 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 56.

57.     Defendants admit that on October 20, 2022, *Time* published an article titled, "Behind TikTok's Boom: A Legion of Traumatized, $10-A-Day Content Moderators." Defendants admit that Paragraph 57 purports to characterize and quote from that article.  That article is public and speaks for itself.  To the extent the allegations contained in Paragraph 57 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 57.

58.     Defendants admit that on October 20, 2022, *Time* published an article titled, "Behind TikTok's Boom: A Legion of Traumatized, $10-A-Day Content Moderators." Defendants admit that Paragraph 58 purports to characterize and quote from that article.  That article is public and speaks for itself.  To the extent the allegations contained in Paragraph 58 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 58.

59.     Defendants admit that on October 20, 2022, *Time* published an article titled, "Behind TikTok's Boom: A Legion of Traumatized, $10-A-Day Content Moderators." Defendants admit that Paragraph 59 purports to characterize and quote from that article.  That article is public and speaks for itself.  To the extent the allegations contained in Paragraph 59 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 59.

60.     Defendants admit that on October 20, 2022, *Time* published an article titled,

11

"Behind TikTok's Boom: A Legion of Traumatized, $10-A-Day Content Moderators." Defendants admit that Paragraph 60 purports to characterize and quote from that article. That article is public and speaks for itself. To the extent the allegations contained in Paragraph 60 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required. To the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 60.

61. Defendants admit that on October 20, 2022, *Time* published an article titled, "Behind TikTok's Boom: A Legion of Traumatized, $10-A-Day Content Moderators." Defendants admit that Paragraph 61 purports to characterize and quote from that article. That article is public and speaks for itself. Defendants further admit that on December 1, 2022, Teleperformance published a press release titled, "Teleperformance and UNI Global Union sign global agreement." Defendants admit that the last sentence in Paragraph 61 purports to characterize and quote from that press release. That press release is public and speaks for itself. To the extent the allegations contained in Paragraph 61 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required. To the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 61.

62. Defendants admit that the Company held an earnings call on November 3, 2022, which was transcribed. Defendants admit that a transcription was made but lack knowledge and information sufficient to form a belief as to its accuracy and on that basis deny that Plaintiffs' characterizations are accurate. The transcript speaks for itself. To the extent the allegations misrepresent or mischaracterize any statements, Defendants deny the allegations in Paragraph 62. To the extent the allegations contained in Paragraph 62 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required. To the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 62.

63. Defendants admit that the Company held an earnings call on November 3, 2022, which was transcribed. Defendants admit that a transcription was made but lack knowledge and information sufficient to form a belief as to its accuracy and on that basis deny that the quotations are accurate. The transcript speaks for itself. To the extent the allegations misrepresent or mischaracterize any statements, Defendants deny the allegations in Paragraph 63. To the extent

the allegations contained in Paragraph 63 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 63.

64.     Defendants admit that the Company held an earnings call on November 3, 2022, which was transcribed.  Defendants admit that a transcription was made but lack knowledge and information sufficient to form a belief as to its accuracy and on that basis deny that the quotations are accurate.   The transcript speaks for itself.   To the extent the allegations misrepresent or mischaracterize any statements, Defendants deny the allegations in Paragraph 64.  To the extent the allegations contained in Paragraph 64 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 64.

65.     Defendants admit that the Company held an earnings call on November 3, 2022, which was transcribed.  Defendants admit that a transcription was made but lack knowledge and information sufficient to form a belief as to its accuracy and on that basis deny that the quotations are accurate.   The transcript speaks for itself.   To the extent the allegations misrepresent or mischaracterize any statements, Defendants deny the allegations in Paragraph 65.  To the extent the allegations contained in Paragraph 65 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 65.

66.     Defendants admit that the Company held an earnings call on November 3, 2022, which was transcribed.  Defendants admit that a transcription was made but lack knowledge and information sufficient to form a belief as to its accuracy and on that basis deny that the quotations are accurate.   The transcript speaks for itself.   To the extent the allegations misrepresent or mischaracterize any statements, Defendants deny the allegations in Paragraph 66.  To the extent the allegations contained in Paragraph 66 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 66.

67.     Defendants admit that the Company held an earnings call on November 3, 2022, which was transcribed.  Defendants admit that a transcription was made but lack knowledge and information sufficient to form a belief as to its accuracy and on that basis deny that the quotation is accurate.   The transcript speaks for itself.   To the extent the allegations misrepresent or

mischaracterize any statements, Defendants deny the allegations in Paragraph 67. To the extent the allegations contained in Paragraph 67 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required. To the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 67.

68. Defendants admit that on November 7, 2022, Teleperformance published a letter to shareholders. Defendants admit that Paragraph 68 purports to quote from that letter. That letter is public and speaks for itself. To the extent the allegations misrepresent or mischaracterize the letter, Defendants deny the allegations in Paragraph 68. To the extent the allegations in Paragraph 68 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required. To the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 68.

69. Defendants admit that Teleperformance conducted an internal and external audit in response to the August 4, 2022 *Forbes* Article, reports of which were not made public. Defendants further admit that on November 10, 2022, RBC Capital Markets published a report titled, "Teleperformance SE: Should TEP call force majeure on content moderation?" Defendants admit that Paragraph 69 purports to quote from that report. That report is public and speaks for itself. To the extent the allegations misrepresent or mischaracterize the report, Defendants deny the allegations in Paragraph 69. Defendants deny the remaining allegations in Paragraph 69.

70. The allegations in Paragraph 70 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, and no answer is required. To the extent a response is required, Defendants deny those allegations.

71. Defendants admit that on November 9, 2022, *Time* published an article titled, "TikTok's Subcontractor in Colombia Under Investigation for Traumatic Work." Defendants admit that Paragraph 71 purports to quote from and characterize that article. That article is public and speaks for itself. To the extent the allegations in Paragraph 71 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required. To the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 71.

72. Defendants admit that on November 9, 2022, *Time* published an article titled, "TikTok's Subcontractor in Colombia Under Investigation for Traumatic Work." Defendants admit that Paragraph 72 purports to quote from and characterize that article. That article is public

14

and speaks for itself.  To the extent the allegations in Paragraph 72 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 72.

73.     The allegations in Paragraph 73 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, and no answer is required.  To the extent a response is required, Defendants deny those allegations.

74.     Defendants admit that the Company held a conference call on November 10, 2022, which was transcribed.  Defendants admit that a transcription was made but lack knowledge and information sufficient to form a belief as to its accuracy and on that basis deny that the quotations are accurate.  The transcript speaks for itself.  To the extent the allegations misrepresent or mischaracterize any statements, Defendants deny the allegations in Paragraph 74.  To the extent the allegations in Paragraph 74 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 74.

75.     Defendants admit that on November 14, 2022, Teleperformance published a press release titled, "Teleperformance Colombia to meet with representatives of the Colombian government."  Defendants admit that Paragraph 75 purports to quote from and characterize that press release.  That press release is public and speaks for itself.  To the extent the allegations in Paragraph 75 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 75.

76.     Defendants admit that on November 17, 2022, Teleperformance published a press release titled, "Teleperformance exits the highly egregious part of the Trust and Safety business."  Defendants admit that Paragraph 76 purports to quote from and characterize that press release.  That press release is public and speaks for itself.  To the extent the allegations contained in Paragraph 76 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 76.

77.     Defendants admit that the price of unsponsored ADRs representing shares in Teleperformance closed at $115.83 on November 18, 2022.  To the extent the allegations contained

15

in Paragraph 77 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required. To the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 77.

78.     Defendants admit that the Company held a conference call on November 17, 2022, which was transcribed. Defendants admit that a transcription was made but lack knowledge and information sufficient to form a belief as to its accuracy and on that basis deny that the quotations are accurate. The transcript speaks for itself. To the extent the allegations misrepresent or mischaracterize any statements, Defendants deny the allegations in Paragraph 78. To the extent the allegations contained in Paragraph 78 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required. To the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 78.

79.     Defendants admit that the Company held a conference call on November 17, 2022, which was transcribed. Defendants admit that a transcription was made but lack knowledge and information sufficient to form a belief as to its accuracy and on that basis deny that the quotations are accurate. The transcript speaks for itself. To the extent the allegations misrepresent or mischaracterize any statements, Defendants deny the allegations in the first and second sentences of Paragraph 79. Defendants admit that in March 2022, HFS Research, in partnership with Teleperformance, published a white paper titled, "The Content Moderation Playbook." Defendants admit that the allegations in the third and fourth sentences of Paragraph 79 purport to quote from that white paper. That white paper is public and speaks for itself. Defendants further admit that on November 18, 2022, Kepler Cheuvreux published a report titled, "Exiting egregious content moderation services." Defendants admit that the allegations in the fifth sentence of Paragraph 79 purport to quote from that report. That report is public and speaks for itself. Defendants further admit that on November 17, 2022, Morgan Stanley published a report titled "Exiting 'highly egregious' part of Trust and Safety segment." Defendants admit that the allegations in the last sentence of Paragraph 79 purport to quote from that report. That report is public and speaks for itself. To the extent the allegations contained in Paragraph 79 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required. To the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 79.

16

80.     The allegations in Paragraph 80 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, and no answer is required.  To the extent a response is required, Defendants deny those allegations.

81.     Defendants admit that on November 24, 2022, *Reuters* published an article titled, "France's Teleperformance in workers' rights talks with union."  Defendants admit that Paragraph 81 purports to quote from that article.  That article is public and speaks for itself.  To the extent the allegations in Paragraph 81 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 81.

82.     Defendants admit that on November 15, 2022, RFI published an article titled, "Colombian government investigates labor practices of French company Teleperformance."  Defendants admit that Paragraph 82 purports to quote from that article.  That article is public and speaks for itself.  To the extent the allegations in Paragraph 82 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 82.

83.     Defendants admit that on December 1, 2022, Teleperformance issued a press release titled, "Teleperformance and UNI Global Union sign global agreement."  Defendants admit that Paragraph 83 purports to characterize and quote from that press release.  That press release is public and speaks for itself.  To the extent the allegations in Paragraph 83 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 83.

84.     Defendants admit that on December 12, 2022, BNP Paribas Exane published an article titled, "Moderating the discontent."  Defendants admit that Paragraph 84 purports to characterize and quote from that article.  That article is public and speaks for itself.  To the extent the allegations in Paragraph 84 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 84.

85.     The allegations in Paragraph 85 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, and no answer is required.  To the extent a response is required, Defendants deny those allegations.

86.     Defendants admit that on April 18, 2023, Teleperformance, UNI Americas, and Utraclaro issued a joint statement announcing an agreement for the implementation of the global agreement in Colombia.  Defendants admit that Paragraph 86 purports to characterize and quote from that announcement.  That announcement is public and speaks for itself.  To the extent the allegations in Paragraph 86 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 86.

87.     Defendants admit that on December 6, 2022, Bureau Veritas published an "Independent Assurance Statement."  Defendants admit that Paragraph 87 purports to characterize and quote from that statement.  That statement is public and speaks for itself.  To the extent the allegations in Paragraph 87 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 87.

88.     Defendants admit that the Company held a conference call on April 13, 2023, which was transcribed.  Defendants admit that a transcription was made but lack knowledge and information sufficient to form a belief as to its accuracy and on that basis deny that quotations are accurate.  The transcript speaks for itself.  To the extent the allegations misrepresent or mischaracterize any statements, Defendants deny the allegations in Paragraph 88.  To the extent the allegations contained in Paragraph 88 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.

89.     Defendants admit that on March 22, 2023, Teleperformance published a press release titled, "Teleperformance announces continuation of full-service content moderation." Defendants admit that Paragraph 89 purports to characterize and quote from that press release. That press release is public and speaks for itself.  To the extent the allegations contained in Paragraph 89 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 89.

90.     Defendants admit that on March 22, 2023, Teleperformance published a press release titled, "Teleperformance announces continuation of full-service content moderation." Defendants admit that the first sentence of Paragraph 90 purports to characterize and quote from that press release.  That press release is public and speaks for itself.  Defendants admit that on March 22, 2023, UBS published a report titled, "Teleperformance Resumes full-service content moderation."  Defendants admit that the remaining allegations in Paragraph 90 purport to characterize and quote from that report.  That report is public and speaks for itself.  To the extent the allegations contained in Paragraph 90 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 90.

91.     Defendants admit that on November 17, 2022, Teleperformance issued a press release entitled, "Teleperformance exits the highly egregious part of the Trust and Safety business."  Defendants admit that Paragraph 91 purports to characterize and quote from that press release.  That press release is public and speaks for itself.  To the extent the allegations contained in Paragraph 91 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 91.

92.     Defendants admit that on March 23, 2023, UNI Global issued a statement titled, "UNI's Statement on Teleperformance Continuing Full-Service Content Moderation." Defendants admit that Paragraph 92 purports to characterize and quote from that statement.  That statement is public and speaks for itself.  To the extent the allegations contained in Paragraph 92 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 92.

93.     Defendants admit that the Company held a conference call on April 25, 2023, which was transcribed.  Defendants admit that a transcription was made but lack knowledge and information sufficient to form a belief as to its accuracy and on that basis deny that the quotations are accurate.  The transcript speaks for itself.  To the extent the allegations misrepresent or mischaracterize any statements, Defendants deny the allegations in Paragraph 93.  To the extent the allegations contained in Paragraph 93 support only claims that have been dismissed pursuant

19

to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 93.

94.    Defendants deny the allegations in Paragraph 94.

95.    Defendants deny the allegations in Paragraph 95.

## VI.    ADDITIONAL SCIENTER ALLEGATIONS

96.    Defendants deny the allegations in Paragraph 96.

97.    Defendants admit that on February 28, 2022, Teleperformance published its 2021 Universal Registration Document.  Defendants further admit that on November 11, 2022, BofA Securities published a report titled, "Teleperformance: Content Moderation again under scrutiny." Defendants admit that the third, fifth, and seventh sentences of Paragraph 97 purport to characterize and quote from those sources.  Those sources are public and speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the Everest Group's research and on that basis deny those allegations.  Defendants admit that the Company held conferences on April 14, 2022 and November 3, 2022, which were transcribed.  Defendants admit that transcriptions were made but lack knowledge and information sufficient to form a belief as to their accuracy and on that basis deny that the quotations in the fourth and sixth sentences of Paragraph 97 are accurate.  The transcripts speak for themselves.  To the extent the allegations misrepresent or mischaracterize any statements, Defendants deny the allegations in the fourth and sixth sentences of Paragraph 97.  Defendants deny the remaining allegations in Paragraph 97.

98.    Defendants admit that on December 12, 2022, BNP Paribas Exane published a report titled, "Moderating the discontent."  Defendants admit that Paragraph 98 purports to characterize and quote from that report.  That report is public and speaks for itself.  To the extent the allegations contained in Paragraph 98 support only claims that have been dismissed pursuant to the Court's August 28, 2024 Order, no answer is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 98.

99.    Defendants deny the allegations in Paragraph 99 to the extent they purport to assert that there is a basis in fact or law for Plaintiffs' claims.

100.    Defendants admit that on August 4, 2022, *Forbes* published an article titled, "TikTok Moderators Are Being Trained Using Graphic Images Of Child Sexual Abuse." Defendants admit that the first and second sentences of Paragraph 100 purport to characterize and quote from that article.  That article is public and speaks for itself.  Defendants further admit that

the Company held an earnings call on November 3, 2022, which was transcribed. Defendants admit that a transcription was made but lack knowledge and information sufficient to form a belief as to its accuracy and on that basis deny that the quotation is accurate. The transcript speaks for itself. To the extent the allegations misrepresent or mischaracterize any statements, Defendants deny the allegations in the third and fourth sentences of Paragraph 100. Defendants deny the remaining allegations in Paragraph 100.

101. Defendants deny the allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102 to the extent they purport to assert that there is a basis in fact or law for Plaintiffs' claims.

103. Defendants deny the allegations in Paragraph 103.

104. The allegations in Paragraph 104 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 104.

## VII.  NO SAFE HARBOR

105. The allegations in Paragraph 105 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 105.

106. The allegations in Paragraph 106 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 106.

107. The allegations in Paragraph 107 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 107.

## VIII.  LOSS CAUSATION AND ECONOMIC LOSS

108. The allegations in Paragraph 108 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 108.

109. Defendants deny the allegations in Paragraph 109.

110. The allegations in Paragraph 110 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 110.

111.    The allegations in Paragraph 111 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 111.

112.    The allegations in Paragraph 112 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 112.

113.    Defendants admit that the market price of unsponsored ADRs representing shares in Teleperformance at market close was $168.69 on August 4, 2022 and $160.94 on August 5, 2022.  Defendants deny the remaining allegations in Paragraph 113 and Footnote 3.

114.    Defendants admit that the market price of unsponsored ADRs representing shares in Teleperformance at market close was $132.32 on August 9, 2022 and $107.77 on August 10, 2022.  Defendants deny the remaining allegations in Paragraph 114.

115.    Defendants admit that on November 9, 2022, Teleperformance published a press release titled, "Teleperformance Colombia to meet with representatives of the Colombian government."  Defendants further admit that on November 17, 2022, Teleperformance published a press release titled, "Teleperformance exits the highly egregious part of the Trust and Safety business."  Defendants also admit that on November 24, 2022, Teleperformance published a press release titled, "Teleperformance enters into discussion with UNI Global Union."  Defendants further admit that on December 1, 2022, Teleperformance published a press release titled, "Teleperformance and UNI Global Union sign global agreement."  Defendants further admit that on December 7, 2022, Teleperformance published a press release titled, "Teleperformance Colombia received from Bureau Veritas the independent assurance about the use and inclusion of International Standard ISO 26000 – Guidance on Social Responsibility in its operations."  Defendants also admit that on February 19, 2023, the Columbia Ministry of Labor Relations and Inspection published an announcement titled, "Teleperformance and UltraClaro agree to monitor labor practices."  Defendants further admit that on March 22, 2023, Teleperformance published a press release titled, "Teleperformance announces continuation of full-service content moderation."  Defendants admit that on April 19, 2023, Teleperformance published a press release titled, "Teleperformance signs agreement with unions in Colombia."  Defendants admit that Paragraph 115 purports to characterize those press releases and announcements.  Those press releases and

22

announcements are public and speak for themselves, and Defendants deny any allegation that mischaracterizes their terms.  Defendants deny the remaining allegations in Paragraph 115.

116.    The allegations in Paragraph 116 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 116.

117.    The allegations in Paragraph 117 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 117.

## IX.    APPLICABILITY OF THE PRESUMPTION OF RELIANCE

118.    The allegations in Paragraph 118 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 118.

119.    The allegations in the first sentence of Paragraph 119 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 119.  Defendants lack knowledge or information sufficient to form a belief as to the market for unsponsored ADRs representing shares in Teleperformance and on that basis deny that allegation.  Defendants admit that Teleperformance filed reports with the AMF.  Defendants admit that during the purported Class Period, certain analysts published reports about Teleperformance.  Defendants lack knowledge or information sufficient to form a belief as to the significance of Teleperformance's publications, the regularity of investor communications, the reach of its public disclosures, and the market's reaction to Company-specific news, and on that basis deny those allegations.  Defendants deny the remaining allegations in Paragraph 119.

120.    The allegations in Paragraph 120 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 120.

121.    The allegations in Paragraph 121 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 121.

## X.      CLASS ACTION ALLEGATIONS

122.    The allegations in Paragraph 122 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 122.

123.    Defendants admit that unsponsored ADRs representing shares in Teleperformance were traded on OTC markets based on publicly available information, however, deny knowledge or information sufficient to form a belief as to any details about the ADRs or purported class members.  Defendants lack information or knowledge regarding Plaintiffs' beliefs and deny Plaintiffs' allegations regarding their beliefs on that basis.  The remaining allegations in Paragraph 123 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 123.

124.    The allegations in Paragraph 124 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 124.

125.    Defendants lack knowledge or information sufficient to form a belief as to Plaintiffs' ability to protect the interests of the members of the purported Class or their counsel's competency or experience, and on that basis deny those allegations.  Defendants deny the remaining allegations in Paragraph 125.

126.    The allegations in Paragraph 126 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 126.

127.    The allegations in Paragraph 127 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 127.

## COUNT I

128.    Defendants repeat and reallege each answer above as if fully set forth herein.

129.    Defendants deny the allegations in Paragraph 129.

130.    The allegations in Paragraph 130 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131.

132.    The allegations in Paragraph 132 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 132.

## COUNT II

133.    Defendants repeat and reallege each answer above as if fully set forth herein.

134.    The allegations in Paragraph 134 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 134.

## XI.    PRAYER FOR RELIEF

Defendants deny that Plaintiffs and/or members of the purported putative class are entitled to judgment on any allegations of claims asserted in the Second Amended Complaint and deny that Plaintiffs and/or members of the purported putative class are entitled to any requested relief.

## XII.    JURY DEMAND

Defendants acknowledge that Plaintiffs request a jury trial on issues so triable.

## AFFIRMATIVE DEFENSES

Subject to the responses above, upon information and belief, Defendants allege and assert the following affirmative and other defenses in response to Plaintiffs' allegations set forth in the Second Amended Complaint.  Defendants expressly reserve the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation or as justice may require.  The statement of any defense does not alter the elements of Plaintiffs' claims or assume the burden of proof on any issues as to which applicable law places the burden on Plaintiffs.  To the extent that any of the defenses asserted herein or to be asserted in the future is mutually exclusive with another defense asserted herein or to be asserted in the future, such defense is asserted in the alternative to the other.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiffs fail to state a claim upon which relief can be granted on their own behalf or on behalf of the alleged putative class.

## SECOND AFFIRMATIVE DEFENSE

(Negative Causation)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, by the doctrine of "negative causation," because Plaintiffs have not suffered any injury or damages as a result of the alleged misstatements and omissions, and Plaintiffs' claimed loss was caused by factors other than any alleged misstatements or omissions by Defendants.

## THIRD AFFIRMATIVE DEFENSE

### (Particularity/PSLRA)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because the Second Amended Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(1), and otherwise fails properly to identify the alleged false or misleading statements of which Plaintiffs complain.

## FOURTH AFFIRMATIVE DEFENSE

### (Not False/Misleading; No Failure to Disclose)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Defendants did not make a false or misleading statement or omission of material fact or omission of material fact and complied with all applicable disclosure requirements.

## FIFTH AFFIRMATIVE DEFENSE

### (Knew or Should Have Known)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiffs knew of any alleged untruth or omission at the time they acquired unsponsored ADRs representing shares in Teleperformance, or had constructive knowledge of the same, because the allegedly omitted information was disclosed, otherwise publicly available, or was widely known to the market and to the investing community.

## SIXTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiffs purchased unsponsored ADRs representing shares in Teleperformance with actual or constructive knowledge of the risks involved in an investment in unsponsored ADRs representing shares in Teleperformance and thus voluntarily assumed the risk of the losses alleged in the Second Amended Complaint.

26

## SEVENTH AFFIRMATIVE DEFENSE

### (Scienter)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Defendants did not act with scienter and did not act knowingly or recklessly as to any alleged misstatement or omission.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Defendants at all times, acted in good faith, including by acting in conformity with the law and rules and regulations of the SEC, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements, and/or omissions alleged in the Second Amended Complaint. *See, e.g.*, 15 U.S.C. §78t.

## NINTH AFFIRMATIVE DEFENSE

### (Improper Class Action)

This action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23 because joinder of all of the purported class members is not impracticable, there are no questions of law or fact common to the purported class, the claims or defenses of the representative parties are not typical of the claims or defenses of the purported class, and/or Plaintiffs will not fairly and adequately protect the interests of the purported class.

## TENTH AFFIRMATIVE DEFENSE

### (Materiality)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because any allegedly untrue statement of material fact, omissions of material fact, misleading statements, or other action allegedly taken by Defendants was not material, and/or was not material to the investment decisions of Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

### (ADR Price)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because the purported misrepresentations and omissions alleged in the Second Amended

27

Complaint did not affect the market price of unsponsored ADRs representing shares in Teleperformance.

**TWELFTH AFFIRMATIVE DEFENSE**

(Loss Causation)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiffs have not pleaded, and cannot prove, loss causation, and/or have not pleaded, and cannot prove, that Plaintiffs suffered damages that can be attributed and/or causally related to the alleged misrepresentations or omissions.  Without limiting the foregoing, Plaintiffs' claims are barred, in whole or in part, because any depreciation in the market price of unsponsored ADRs representing shares in Teleperformance resulted from factors other than the purported misrepresentations and omissions alleged in the Second Amended Complaint.  *See* 15 U.S.C. § 78u-4(b)(4), (e).

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Reliance)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiffs were not entitled to, and did not reasonably and/or justifiably rely, or did not in fact rely, on any of the statements or omissions alleged in the Second Amended Complaint in deciding to purchase unsponsored ADRs representing shares in Teleperformance.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Fraud on the Market)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and they will be otherwise unable to establish that they relied upon the purported misstatements and omissions alleged in the Second Amended Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(But-For Causation)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiffs will be unable to establish that the purported misstatements and omissions alleged in the Second Amended Complaint were the cause of Plaintiffs' decisions to purchase unsponsored ADRs representing shares in Teleperformance on the terms of their investments.

28

### SIXTEENTH AFFIRMATIVE DEFENSE

(Proximate Causation)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiffs' losses, if any, were not actually or proximately caused by, and resulted from causes other than, the acts and occurrences alleged in the Second Amended Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Superseding Event)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because the injuries alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of Defendants, by the conduct of third parties for whom Defendants were not responsible, or through forces in the marketplace over which Defendants had no control.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Defendants are not liable because, to the extent that Plaintiffs have been damaged, if at all, Plaintiffs' failure to mitigate their damages bars recovery.

### NINETEENTH AFFIRMATIVE DEFENSE

(Comparative Fault)

Any damage, loss or liability sustained by Plaintiffs must be reduced or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Defendants under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault, including under the proportionate liability provisions of the federal securities laws.

### TWENTIETH AFFIRMATIVE DEFENSE

(Reductions in Damages)

To the extent Plaintiffs suffered damages, if at all, such damages must be offset by Plaintiffs' gains, including subsequent gains in the ADR price, including gains arising after the putative class periods.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Damages Cap)

To the extent Plaintiffs suffered damages, if at all, such damages must be capped pursuant to the PSLRA, 15 U.S.C. § 78u-4(e)(1), and the damages limitations of the Securities Exchange Act of 1934.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Publicly Available)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because the alleged facts which Plaintiffs allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources.  Plaintiffs are not entitled to any recovery from Defendants because the substance of the allegedly material information that Plaintiffs allege to have been omitted or misrepresented was in fact publicly available or was widely known to the market and to the investing community.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Control Person Liability)

Each and every one of Defendants alleged to be a control person under Section 20(a) of the Securities Exchange Act of 1934 acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Attorney's Fees and Expenses)

Defendants deny that Plaintiffs are entitled to recover attorneys' fees, expert fees, costs, or expenses.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiffs lack standing to maintain this action under Article III or other applicable statute or common law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Contribution)

Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the purported misrepresentations, omissions, and conduct alleged in the claims against them.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Opinion Statements)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because the alleged misrepresentations are non-actionable statements that contain expressions of opinion that Plaintiffs cannot prove were not truly held.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Statute of Limitations / Repose)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Estoppel, Unclean Hands, etc.)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, under the doctrines of acquiescence, unclean hands, estoppel, res judicata, waiver, ratification, laches and other related doctrines and principles, or any one of them.

### THIRTIETH AFFIRMATIVE DEFENSE

(Assent)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because at all times alleged in the Second Amended Complaint, Plaintiffs expressly or impliedly assented to, ratified, or concurred with the conduct alleged to be unlawful.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Would Have Acquired Regardless)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiffs would have acquired unsponsored ADRs representing shares in Teleperformance even if, when acquired, Plaintiffs had known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which Defendants' purported liability rests.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Reliance on Investigations/Advisors)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiffs relied exclusively upon their own independent investigations, their own decisions, and the advice of their professional investment advisors.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Speculative / Remote)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because the damages sought are too speculative and/or remote.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Other Parties)

Other parties not named in the Second Amended Complaint may be indispensable parties to this action.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Optimism/Puffery)

Plaintiffs' claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because some or all of the purported misstatements or omissions alleged in the Second Amended Complaint reflect or pertain to non-actionable statements of corporate optimism or puffery.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Due Diligence)

Defendants had, after reasonable investigation, reasonable grounds to believe and did believe, at the time of the statements at issue, that their statements were true and that there was no omission of any required material fact necessary to make the statement not misleading.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Bespeaks Caution)

Plaintiffs' claims are barred, in whole or in part, by the "bespeaks caution" doctrine to the extent they are based on predictions, expressions of opinion, or forward-looking statements.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Price Impact)

Plaintiffs' claims are barred, in whole or in part, because of the lack of price impact.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Extraterritoriality)

Plaintiffs' claims are barred, in whole or in part, because Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) (the "Exchange Act") does not have an extraterritorial

reach, and Plaintiffs' acquisition of the unsponsored ADRs representing shares in Teleperformance upon which Plaintiffs' claims are based are outside the scope of the Exchange Act.

<strong>PRAYER FOR RELIEF</strong>

**WHEREFORE**, Defendants respectfully request that the Court enter judgment in their favor by adjudging and decreeing the following relief:

1. That Plaintiffs takes nothing by reason of this Second Amended Complaint, and that judgment be rendered in favor of Defendants;

2. That the Second Amended Complaint, and each purported cause of action against Defendants, be dismissed with prejudice;

3. That the Court grant Defendants all equitable or other relief against Plaintiffs as a consequence of defending this action, including attorneys' fees and costs; and

4. That the Court award Defendants any such other and further relief as the Court may deem just and proper.

Dated:  September 11, 2024

Respectfully submitted,

**LASH GOLDBERG**
Miami Tower, Suite 1200
100 S.E. Second Street
Miami, Florida 33131
Tel:     (305) 347-4040
Fax:     (305) 347-4050

*Attorneys for Defendants Teleperformance SE, Daniel Julien, Akash Pugalia, and Olivier Rigaudy*

By:/s/ *Martin B. Goldberg*
**MARTIN B. GOLDBERG**
Florida Bar No. 0827029
Email: *mgoldberg@lashgoldberg.com*
**BENJAMIN R. SHIEKMAN**
Florida Bar No. 113114
Email: *bshiekman@lashgoldberg.com*

Michele D. Johnson (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel:  (714) 540-1235
Email:  *michele.johnson@lw.com*

Colleen C. Smith (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
12670 High Bluff Drive
San Diego, CA 92130
Tel:  (858) 523-5400
Email:  *colleen.smith@lw.com*

Christopher Turner (admitted *pro hac vice*)
Donald Lee Thompson
Florida Bar No. 1003698
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Tel:  (202) 637-2200
Email:  *christopher.turner@lw.com*
             *donald.thompson@lw.com*

*Attorneys for Defendants Teleperformance SE, Daniel Julien, Akash Pugalia, and Olivier Rigaudy*

34