UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-24580-CIV-ALTONAGA

**CITY OF WARREN GENERAL EMPLOYEES' RETIREMENT SYSTEM**, *et al.*,

    Plaintiffs,
vs.

**TELEPERFORMANCE SE**, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE came before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Incorporated Memorandum of Law [ECF No. 90]. The parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated January 10, 2025 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein. The Court having read and considered the Stipulation and the Exhibits, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 90]** is **GRANTED**. The Court preliminarily finds that:

(a)    the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel following mediation under the direction of an experienced mediator, David M. Murphy of Phillips ADR;

(b) the proposed Settlement eliminates risks to the Settling Parties of continued litigation;

(c) the Settlement does not provide undue preferential treatment to Plaintiffs or to segments of the Class;

(d) the Settlement does not provide excessive compensation to counsel for Plaintiffs; and

(e) the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class

Unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation. Therefore, it is **ORDERED** that:

1. The Court hereby preliminarily approves the Settlement set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is certified as a class action on behalf of all Persons who purchased or otherwise acquired Teleperformance ADRs during the Class Period. Excluded from the Class are Defendants and members of their immediate families, the Officers and directors of the Company at all relevant times, and members of their immediate families, the legal representatives, heirs, successors or assigns of any of the foregoing, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

3. The Court finds, for the purpose of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (i) the number of Class Members is so numerous that joinder of all members is impracticable; (ii) there are questions of law and fact common to the Class; (iii) Plaintiffs' claims are typical of the claims of the Class they seek to represent; (iv) Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; (v) the questions of law and fact common to Members of the Class predominate over any questions affecting only individual Class Members; and (vi) a class action is superior to other methods for the fair and efficient adjudication of the Litigation.

4. Pursuant to Federal Rule of Civil Procedure 23, City of Warren General Employees' Retirement System and City of Westland Police and Fire Retirement System are preliminarily certified as the Class Representatives and Robbins Geller Rudman & Dowd LLP is preliminarily certified as Class Counsel.

5. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

6. A hearing (the "Settlement Hearing") shall be held before this Court on May 27, 2025, at 8:30 a.m., at the United States District Court for the Southern District of Florida, 400 North Miami Avenue, Miami, FL 33128, to determine: (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether a Judgment, as provided

in ¶1.12 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Lead Counsel and Plaintiffs; and (e) any such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing or decide to hold the Settlement Hearing by video or telephonically without further notice to the Members of the Class and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

7. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice of Proposed Settlement of Class Action (the "Summary Notice") annexed hereto as Exhibits 1, 2, and 3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶9 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8. It is solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Class. All fees and expenses incurred in identifying and notifying potential Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Persons bear any responsibility for such fees or expenses.

9. The firm of Rust Consulting ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

      (a)      Teleperformance shall provide to the Claims Administrator, at no cost to Plaintiffs or the Class, within ten (10) calendar days after the Court signs this Order, reasonably available transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or otherwise acquired Teleperformance ADRs during the Class Period;

      (b)      Not later than February 4, 2025, the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all potential Class Members who can be identified with reasonable effort and post the Notice and Proof of Claim on the settlement website at www.TeleperformanceSecuritiesSettlement.com;

      (c)      Not later than February 11, 2025, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

      (d)      At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10.      Nominees who purchased or acquired Teleperformance ADRs during the Class Period for the beneficial ownership of Class Members shall send the Notice and the Proof of Claim to all such beneficial owners of Teleperformance ADRs within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely

for their reasonable out-of-pocket expenses, as specified in the Notice, incurred in providing notice to beneficial owners who are potential Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

11. Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, whether or not such Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Settlement Fund.

12. Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than May 11, 2025. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

13. Any Class Member may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

14. Any Person who purchased or otherwise acquired Teleperformance ADRs during the Class Period may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked or received no later than May 5, 2025. A Request for Exclusion must state: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) a list identifying the number of Teleperformance ADRs and date of each purchase or acquisition of Teleperformance ADRs and the price paid for any purchase or acquisition of Teleperformance ADRs between February 20, 2020 and November 9, 2022, inclusive; and (iii) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment. Unless otherwise ordered by the Court, any Person who purchased or otherwise acquired Teleperformance ADRs during the Class Period who fails to timely request exclusion from the Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Class, and shall be barred from requesting exclusion from the Class in this or any other proceeding.

15. Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion within no later than five (5) calendar days of receipt by the Claims Administrator. Notwithstanding the foregoing, in no event shall Lead Counsel or the Claims Administrator provide timely Requests for Exclusion to Defendants' Counsel fewer than fourteen (14) calendar days before the Settlement Hearing. Any later-received Requests for Exclusion shall be provided to Defendants' Counsel by Lead Counsel or the Claims Administrator within one (1) business day of receipt. Lead Counsel shall also

provide Defendants' Counsel any written revocation of Requests for Exclusion promptly upon receipt and as expeditiously as possible.

16. Any Class Member may file a written objection to the proposed Settlement and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel, or why awards should or should not be granted to Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before May 5, 2025, by Robbins Geller Rudman & Dowd LLP, Theodore J. Pintar, 655 West Broadway, Suite 1900, San Diego, CA 92101; Latham & Watkins LLP, Christopher Turner and Donald Lee Thompson, 555 Eleventh Street, NW, Suite 1000, Washington, D.C. 20004 and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Southern District of Florida, 400 North Miami Avenue, Miami, FL 33128, on or before May 5, 2025 Any Class Member who does not make his, her, or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or awards to Plaintiffs, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, and/or the award of attorneys' fees and expenses to Lead Counsel or awards

to Plaintiffs are required to indicate in their written objection their intention to appear at the Settlement Hearing. Persons who intend to appear and present evidence at the Settlement Hearing must include in their written objections the identity of any witness they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

17. Any objections, filings, and other submissions by an objecting Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Class, or to the entire Class; (iii) identify all class actions in which the objector and his, her, or its counsel has previously objected; and (iv) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, acquisitions, and sales of Teleperformance ADRs during the Class Period, including the dates, the number of ADRs purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale.

18. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall

be filed and served by April 25, 2025. Replies to any objections shall be filed and served by May 16, 2025.

20. Neither Defendants and their Related Parties nor Defendants' Counsel shall have any responsibility for: (i) the Plan of Allocation; (ii) any application for attorneys' fees or expenses submitted by Lead Counsel; or (iii) awards to Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment and the Settlement of the Litigation.

21. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees or payment of expenses shall be approved.

22. All reasonable expenses incurred in identifying and notifying potential Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶ 2.10 or 2.12 of the Stipulation.

23. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants as to the validity of any claims or as to the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

24. The Court reserves the right to adjourn the date of the Settlement Hearing, without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

25. If the Settlement is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation. In such event, this Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of December 9, 2024.

26. Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties. Pending final determination of whether the proposed Settlement should be approved, neither Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

**DONE AND ORDERED** in Miami, Florida, this 14th day of January, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record