UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 23-24580-CIV-ALTONAGA/REID

| | |
|---|---|
| CITY OF WARREN GENERAL EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| TELEPERFORMANCE SE, et al., | ) ) ) |
| Defendants. | ) ) ) ) |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF: (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

4909-3904-9027.v1

Case No. 23-24580-CIV-ALTONAGA/REID

Lead Plaintiffs City of Warren General Employees' Retirement System and City of Westland Police and Fire Retirement System and Lead Counsel respectfully submit this reply memorandum in further support of: (1) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation (ECF 94, the "Final Approval Memorandum"); and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses (ECF 95, the "Fee and Expense Memorandum").[1]  This memorandum updates the Court on the status of the notice program and the Class's reaction thereto.  Specifically, Lead Counsel are pleased to report that after the dissemination of 30,303 Notices to potential Class Members and nominees, there are no objections or requests for exclusion from the Class.

## I.  PRELIMINARY STATEMENT

Pursuant to the Court's January 14, 2025 Order preliminarily approving the proposed Settlement (ECF 93, the "Preliminary Approval Order"), Rust Consulting, Inc. disseminated a total of 30,303 copies of the Notice and Proof of Claim and Release (together, the "Notice Packet") to potential Class Members and their nominees.  *See* Supplemental Declaration of Jason Rabe Regarding Notice Dissemination; Claims Received to Date; and Exclusion Requests (the "Supplemental Mailing Decl."), ¶4, submitted herewith.  The Notice advised Class Members of the Settlement and the request for an award of attorneys' fees and expenses.  The Notice further advised Class Members that the last day for requesting exclusion from the Class or filing an objection to the Settlement, the Plan of Allocation, and/or the request for an award of attorneys' fees and expenses was May 5, 2025.

The exclusion and objection deadline has now passed.  No Class Member objected to the Settlement, the Plan of Allocation, or the request for attorneys' fees and expenses.  Furthermore, out of the more than 30,000 Notice Packets disseminated to potential Class Members, no requests for

---

[1]  Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation of Settlement (ECF 90-2, the "Stipulation"), or the previously submitted Declaration of Stephen R. Astley in Support of: (I) Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (II) Motion for an Award of Attorneys' Fees and Expenses (ECF 96, the "Astley Declaration").  Unless otherwise indicated, all emphasis is added and all internal quotations and citations are omitted.

4909-3904-9027.v1

exclusion were received.  The absence of any objection or request for exclusion militates in favor of the Court granting the requested relief.

## II.    ARGUMENT

### A.    The Positive Reaction of the Class Strongly Supports Approval of the Settlement and Plan of Allocation

The reaction of a class to a settlement is "an important factor" in assessing its fairness and adequacy.  *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005) (finding that a "low percentage of objections points to the reasonableness of a proposed settlement and supports its approval").  Here, the absence of objections and requests for exclusion weighs heavily in favor of the Court granting the requested relief.  *See, e.g.*, *Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1252 (S.D. Fla. 2016) ("In a class of hundreds of thousands, the low number of opt-outs and objections reflects the Class' overall satisfaction with the Settlement."); *Burrow v. Forjas Taurus S.A.*, 2019 WL 4247284, at *10 (S.D. Fla. Sept. 6, 2019) ("low opt-out and objection rates weigh[ed] in favor of granting final approval" of the settlement); *Berman v. General Motors LLC*, 2019 WL 6163798, at *6 (S.D. Fla. Nov. 18, 2019) (same).

In addition, there has not been a single objection to the Plan of Allocation.  This reaction provides firm support for the Plan of Allocation's approval.  *See In re Flowers Foods, Inc. Sec. Litig.*, 2019 WL 6827291, at *1 (M.D. Ga. Dec. 11, 2019) (approving plan of allocation where "[t]he Notice, which included the Plan of Allocation, was available to potential Settlement Class Members and nominees on the settlement website and no objections to the proposed plan were submitted").

### B.    The Positive Reaction of the Class Strongly Supports Approval of the Fee and Expense Application

The positive reaction of the Class also supports approval of Lead Counsel's requested attorneys' fees and expenses.  *See Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 775 (11th Cir. 1991) ("pertinent factors" in setting fee awards in common fund cases include "whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel").  Here, the Notice informed the Class that Lead Counsel would apply to the Court for an award of attorneys' fees in an amount not to exceed one-third of the Settlement Amount and expenses incurred by Lead Counsel in an amount not to exceed $200,000, plus interest earned on both amounts.  Lead Counsel seeks an attorneys' fee award of 25% of the Settlement Amount

(significantly lower than the amount provided for in the Notice) and litigation expenses of $200,000,[2] plus interest on these amounts.  There have been no objections to Lead Counsel's request.

The absence of ***any objections*** to the requested fee and expense award in this complex securities class action weighs strongly in favor of approval.  *See, e.g.*, *In re Flowers Foods, Inc. Sec. Litig.*, 2019 WL 6771749, at \*1-\*2 (M.D. Ga. Dec. 11, 2019) (awarding 33 1/3% fee plus expenses where "[t]here were no objections to the requested attorneys' fees and expenses"); *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 2012 WL 12540344, at \*7 (N.D. Ga. Oct. 26, 2012) ("In sum, the *Johnson* factors, a survey of fee awards in comparable cases, and the absence of any objection by class members all support an award of attorney fees equal to one-third of the [$75 million] settlement fund."); *In re NetBank, Inc. Sec. Litig.*, 2011 WL 13353222, at \*2 (N.D. Ga. Nov. 9, 2011) ("In addition, the absence of any objection by Class Members to the requested attorneys' fees and reimbursement of costs and expenses is significant, and supports the reasonableness of the requested fee."); *In re Food Serv. Equip. Hardware Antitrust Litig.*, 2011 WL 13175440, at \*4 (N.D. Ga. Dec. 28, 2011) ("The lack of objections to the attorneys' fee and expense award is evidence that the requested fee is fair."); *Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D. Fla. 1992) (the positive reaction of class members and the absence of substantial objections "is strong evidence of the propriety and acceptability of [the fee] request").

## III.   CONCLUSION

For the reasons set forth herein and in the Final Approval Memorandum, the Fee and Expense Memorandum, and the Astley Declaration, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement and Plan of Allocation, as well as the request for attorneys' fees and expenses.  Proposed Orders granting the requested relief are being submitted herewith.

---

[2]   Lead Counsel's expenses exceeded the $200,000 amount as reflected in the Fee and Expense Memorandum (at 15); however, the proposed order submitted with this reply, limits the expense award to $200,000 consistent with the Notice.

4909-3904-9027.v1

Case No. 23-24580-CIV-ALTONAGA/REID

DATED:  May 16, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
STEPHEN R. ASTLEY (SBN 0139254)
SABRINA E. TIRABASSI (SBN 25521)
LUKE GOVEAS (admitted *pro hac vice*)
ALEX KAPLAN (SBN 1030761)


                s/ Stephen R. Astley
        STEPHEN R. ASTLEY

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sastley@rgrdlaw.com
stirabassi@rgrdlaw.com
lgoveas@rgrdlaw.com
akaplan@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com

*Lead Counsel for Lead Plaintiffs*

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD (admitted *pro hac vice*)
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

*Additional Counsel for Lead Plaintiffs*

- 4 -