UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 23-24580-CIV-ALTONAGA/REID

CITY OF WARREN GENERAL )
EMPLOYEES' RETIREMENT SYSTEM, on )
Behalf of Itself and All Others Similarly )
Situated, )
)
               Plaintiff, )
)
   vs. )
)
TELEPERFORMANCE SE, et al., )
)
             Defendants. )
)
_____ )

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court pursuant to the Order dated January 14, 2025, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated January 10, 2025 (the "Stipulation").  Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the Stipulation, including the definitions therein, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby certified as a class action on behalf of all Persons who purchased or otherwise acquired Teleperformance ADRs during the Class Period. Excluded from the Class are Defendants and members of their immediate families, the Officers and directors of the Company at all relevant times, and members of their immediate families, the legal representatives, heirs, successors or assigns of any of the foregoing, and any entity in which Defendants have or had a controlling interest.  No Persons or entities have requested exclusion from the Class.

4.      The Court finds, for the purpose of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (i) the number of Class Members is so numerous that joinder of all members is impracticable; (ii) there are questions of law and fact common to the Class; (iii) Plaintiffs' claims are typical of the claims of the Class they seek to represent; (iv) Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; (v) the questions of law and fact common to Members of the Class predominate over any questions affecting only individual Class Members; and (vi) a class action is superior to other methods for the fair and efficient adjudication of the Litigation.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, City of Warren General Employees' Retirement System and City of Westland Police and Fire Retirement System are finally certified as the Class Representatives and Robbins Geller Rudman & Dowd LLP is finally certified as Class Counsel.

6.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)      said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b)      there was no collusion in connection with the Stipulation;

(c)      the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)      the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.

7.      Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Court hereby dismisses the Litigation and all claims asserted therein with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

8.      Upon the Effective Date, and as provided in the Stipulation, Plaintiffs shall, and each and every Releasing Plaintiff Party (including each of the Class Members) shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims (including Unknown Claims) against each and every one of the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

9.      Upon the Effective Date, and as provided in the Stipulation, Plaintiffs, all Releasing Plaintiff Parties (including each of the Class Members), and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or

maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Defendant Parties whether or not such Class Member executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.

10.     Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel.  Claims to enforce the terms of the Stipulation or this Judgment are not released.

11.     The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.  No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, the Court hereby determines that all Members of the Class are bound by this Judgment.

12.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any

Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, or in any arbitration. The Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Settlement.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of December 9, 2024, as provided in the Stipulation.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

- 4 -

- 5 -

18.     There is no just reason to delay the entry of this Judgment in the Litigation. Accordingly, the Court directs immediate entry of this final Judgment by the Clerk of the Court dismissing this Litigation against all Defendants with prejudice, without cost to any party, except as provided for in the Stipulation.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE CECILIA M. ALTONAGA
CHIEF UNITED STATES DISTRICT JUDGE