UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 23-24580-CIV-ALTONAGA/REID

| | |
|---|---|
| CITY OF WARREN GENERAL EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| TELEPERFORMANCE SE, et al., | ) ) ) |
| Defendants. | ) ) ) ) |

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

Case No. 23-24580-CIV-ALTONAGA/REID

This matter came before the Court for hearing on May 27, 2025 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of litigation expenses (the "Fee Motion").  ECF 95.  The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses, requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.       This Order incorporates by reference the definitions in the Stipulation of Settlement, dated January 10, 2025, ECF 90-2 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.       The Court has jurisdiction to enter this Order and over the subject matter of the Litigation, as well as personal jurisdiction over all parties to the Litigation, including each of the Class Members.

3.       Notice of the Fee Motion was given to all Class Members who could be located with reasonable effort.  The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4.       Lead Counsel is hereby awarded attorneys' fees of 25% of the Settlement Amount, plus interest at the same rate earned by the Settlement Fund, and payment of litigation expenses in the amount of $200,000, plus accrued interest, which sums the Court finds to be fair and reasonable.

5.       The award of attorneys' fees and expenses shall be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order and the Judgment, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Eleventh Circuit and found that:

(a)      The Settlement has created a fund of $5,500,000 in cash, pursuant to the terms of the Stipulation, and Class Members will benefit from the Settlement created by the efforts of Lead Counsel;

(b)      The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Lead Plaintiffs, who were directly involved in the prosecution and resolution of the Litigation and who have substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c)      The amount of attorneys' fees awarded hereby are fair and reasonable and are consistent with fee awards approved in cases within the Eleventh Circuit with similar recoveries;

(d)      Lead Counsel has conducted the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy and is highly experienced in the field of securities class action litigation;

(e)      Lead Counsel expended substantial time and effort pursuing the Litigation on behalf of the Class;

(f)      Lead Counsel pursued the Litigation on a contingent basis;

(g)      The claims against Defendants involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(h)      The efforts of Lead Counsel resulted in an all-cash settlement at a stage in the proceedings that will permit Class Members to benefit from the recovery without further delay or expense; and

(i)      Over 30,000 Notices were mailed to potential Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed one-third of the Settlement Amount and expenses in an amount not to exceed $200,000, plus interest on such fees and expenses, and no objections to the fees or expenses were filed by Class Members.

- 3 -

Case No. 23-24580-CIV-ALTONAGA/REID

7. Any appeal or any challenge affecting this Court's approval regarding any of the attorneys' fees and expense applications shall in no way disturb or affect the finality of the Judgment.

8. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

9. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: _____        _____
                             THE HONORABLE CECILIA M. ALTONAGA
                             CHIEF UNITED STATES DISTRICT JUDGE