UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 23-24580-CIV-ALTONAGA/Reid**

**CITY OF WARREN GENERAL
EMPLOYEES' RETIREMENT
SYSTEM**, *et al.*,

      Plaintiffs,

v.

**TELEPERFORMANCE SE**, *et al.*,

      Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court at a May 27, 2025 Hearing [ECF No. 99], addressing Plaintiffs, City of Warren General Employees' Retirement System and City of Westland Police and Fire Retirement System's Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation [ECF No. 94]. For the reasons stated in open court, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 94]** is **GRANTED** as follows:

1. This Order incorporates by reference the definitions set forth in the Stipulation of Settlement (the "Stipulation") [ECF No. 90-2]. Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), and for purposes of the Settlement only, the Court certifies a Class of all Persons who purchased or otherwise acquired Teleperformance ADRs during the Class Period. Excluded from the Class are Defendants, their

immediate families, the Officers and Directors of the Company at all relevant times, and their respective legal representatives, heirs, successors, assigns, and any entity in which Defendants had a controlling interest. No request for exclusion was received.

4. The Court finds, for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (i) the number of Class Members is so numerous that joinder of all members is impracticable; (ii) there are questions of law and fact common to the Class; (iii) Plaintiffs' claims are typical of the claims of the Class they seek to represent; (iv) Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; (v) the questions of law and fact common to Members of the Class predominate over any questions affecting only individual Class Members; and (vi) a class action is superior to other methods for the fair and efficient adjudication of the Litigation.

5. The Court appoints City of Warren General Employees' Retirement System and City of Westland Police and Fire Retirement System as Class Representatives, and Robbins Geller Rudman & Dowd LLP as Class Counsel.

6. Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the Settlement as fair, reasonable, and adequate. The Settlement provides substantial and immediate relief to the Class and avoids the significant risks and delays of continued litigation.

7. In reaching this determination, the Court finds that:

   a. The Settlement and the terms set forth in the Stipulation are, in all respects, fair, reasonable, and adequate, and in the best interest of the Class;

   b. The Settlement was reached without collusion and is the result of informed, arm's-length negotiations between capable and experienced counsel;

  c. The record before the Court was sufficiently developed to permit a thorough assessment of the merits of the claims and defenses; and

  d. Class Counsel and Plaintiffs acted diligently and responsibly in litigating the case and negotiating the resolution.

 8. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Court dismisses the Litigation and all claims asserted therein with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

 8a. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members who could be identified with reasonable effort, advising them of the Plan of Allocation and of their right to object thereto, and that a full and fair opportunity was provided to be heard with respect to the Plan of Allocation.  The Court further finds and concludes that there were no objections to the Plan of Allocation

 9. Upon the Effective Date, and as provided in the Stipulation, Plaintiffs shall, and each and every Releasing Plaintiff Party (including each of the Class Members) shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims (including Unknown Claims) against each and every one of the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

 10. Upon the Effective Date, and as provided in the Stipulation, Plaintiffs, all Releasing Plaintiff Parties (including each of the Class Members), and anyone claiming through or on behalf

of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Defendant Parties whether or not such Class Member executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.

11. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. The notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. section 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Members of the Class are bound by this Judgment.

12. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorney's fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may

be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, or in any arbitration. The Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, the Court retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorney's fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Settlement.

15. The Court finds that during the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith

shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of December 9, 2024, as provided in the Stipulation.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. There is no just reason to delay the entry of this Judgment in the Litigation. Accordingly, the Court directs immediate entry of this final Judgment by the Clerk of the Court dismissing this Litigation against all Defendants with prejudice, without cost to any party, except as provided for in the Stipulation.

**DONE AND ORDERED** in Miami, Florida, this 27th day of May, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record