UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-24580-CIV-ALTONAGA/Reid

CITY OF WARREN GENERAL
EMPLOYEES' RETIREMENT
SYSTEM, *et al.*,

    Plaintiffs,

v.

TELEPERFORMANCE SE, *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court at a May 27, 2025 Hearing [ECF No. 99], addressing Lead Counsel's Motion for Award of Attorneys' Fees and Expenses [ECF No. 95].

For the reasons stated in open court, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 95]** is **GRANTED** as follows:

1. This Order incorporates by reference the definitions set forth in the Stipulation of Settlement (the "Stipulation") [ECF No. 90-2]. Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation.

2. The Court has jurisdiction to enter this Order and to resolve the subject matter of the Litigation. The Court also has personal jurisdiction over all parties to the Litigation, including each Class Member.

3. Notice of the Fee Motion was given to all Class Members who could be located with reasonable effort. The form and method of such notice met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due

process, and all other applicable law; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4. Lead Counsel is hereby awarded attorney's fees in the amount of 25% of the Settlement Amount, plus interest at the same rate earned by the Settlement Fund, and payment of litigation expenses in the amount of $200,000, plus accrued interest, which sums the Court finds to be fair and reasonable.

5. These attorney's fees and expenses shall be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order and the Judgment, subject to the terms and conditions of the Stipulation, which are hereby incorporated by reference.

6. In awarding these fees and expenses, the Court has considered the relevant Eleventh Circuit factors and concludes as follows:

   a. The Settlement has created a fund of $5,500,000 in cash, from which Class Members will directly benefit, a result achieved through the efforts of Lead Counsel;

   b. The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Lead Plaintiffs, who were directly involved in the prosecution and resolution of the Litigation and who have substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

   c. The awarded fee is in line with fee awards approved in similar class actions within this Circuit;

   d. Lead Counsel has conducted the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy and is highly experienced in the field of securities class action litigation;

CASE NO. 23-24580-CIV-ALTONAGA/Reid

    e. Lead Counsel expended substantial time and effort pursuing the Litigation on behalf of the Class;

    f. Lead Counsel pursued the Litigation on a contingent fee basis;

    g. The claims against Defendants involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

    h. The efforts of Lead Counsel resulted in an all-cash settlement at a stage in the proceedings that will permit Class Members to benefit from the recovery without further delay or expense; and

    i. Over 30,000 Notices were mailed to potential Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed one-third of the Settlement Amount and expenses in an amount not to exceed $200,000, plus interest on such fees and expenses, and no objections to the fees or expenses were filed by Class Members.

7. Any appeal or challenge to this Order concerning attorney's fees or expenses shall not affect the finality of the Judgment.

8. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

CASE NO. 23-24580-CIV-ALTONAGA/Reid

**DONE AND ORDERED** in Miami, Florida, this 27th day of May, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record